DANIEL S. PEARSON, Judge.
This case involves the ad valorem taxation of a $2,500,000 promissory note executed by The Aurora Group, Ltd. (Aurora) secured by a mortgage of Aurora's 99-year leasehold interest in certain real property. At Aurora’s request, the Department of Revenue of the State of Florida issued a Declaratory Statement concerning the appropriate tax to be imposed on the note. To Aurora’s dismay, the Department ruled *1133 that the note was subject to the annual tax of one mill on the dollar of the “just valuation” imposed by Section 199.032(1), Florida Statutes (1983), rather than, as Aurora contended, the nonrecurring two mill tax imposed under Section 199.032(2), Florida Statutes (1983). Aurora takes this appeal from the Department’s administrative ruling.
The statute in question reads in pertinent part:
“199.032 Levy. — There is hereby levied, to be assessed and collected as provided by this chapter:
“(1) An annual tax of 1 mill on the dollar of the just valuation of all intangible personal property, except money as defined in s. 199.023(l)(a), and except notes, bonds, and other obligations for payment of money which are secured by mortgage, deed of trust, or other lien upon real property situated in the state;
“(2) A nonrecurring tax of 2 mills on the dollar of the just valuation of all notes, bonds, and other obligations for payment of money which are secured by mortgage, deed of trust, or other lien upon real property situated in the state.”
Aurora’s argument is that its 99-year lease is the functional equivalent of real property, and thus, its note is, in the words of the statute, “secured by mortgage ... upon real property situated in the state” and qualified for the nonrecurring tax of two mills. In response, the Department argues that under the common law, a leasehold estate is considered a “chattel real” to be classified as personal, not real, property in the absence of express statutory language changing the classification.
It has been long recpgnized in this state that, at common law, a leasehold interest was considered as a chattel real, that is, a species of personal property, and, in the absence of a statute changing the common law rule, the leasehold was to be classified as personalty, not realty. See Williams v. Jones, 326 So.2d 425, 433 (Fla.1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976); Thalheimer v. Tischler, 55 Fla. 796, 808, 46 So. 514, 518 (Fla.1908); Miller v. Higgs, 468 So.2d 371, 376 (Fla. 1st DCA), pet. for review denied, 479 So.2d 117 (Fla.1985); Oliver v. Mercaldi, 103 So.2d 665, 668 (Fla. 2d DCA 1958). It is also clear that the common law shall have continuing force and effect where the Legislature has not acted to change it. See § 2.01, Fla.Stat. (1983).
Despite Aurora’s compelling argument that a lessee’s interest in a long-term lease is for practical purposes substantially the same as the fee simple ownership of the real property, see C.J. Moynihan, Introduction to the Law of Real Property 63 (1962), we have not been directed to, and have not found, any Florida statute relating to ad valorem taxation which can be fairly read to classify leases of privately owned property[1] as real property. Indeed, the statutory definition of “real property” for purposes of ad valorem taxation[2] as *1134 “land, building, fixtures and all other improvements to land,” § 192.001(12), Fla. Stat. (1983), cuts against Aurora’s contention that “real property” means, as well, a “leasehold interest in real property.” Cf. DeVore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947) (lease, as transferring “any lands, tenements or other realty, or any interest therein ” (emphasis supplied), subject to tax under Section 201.02, Florida Statutes). It is apodictic that courts are not free to add words to a statute to steer it to a meaning that its plain wording does not supply.
Moreover, the use by the Legislature of the term “realty, or any interest therein” in Section 201.02, and the omission of such language in Section 199.032, compels us to conclude that the Legislature intended these statutes to have different meanings.[3] See 49 Fla.Jur.2d Statutes § 133, p. 176 (1984).
Accordingly, we conclude that the Department of Revenue was correct in ruling that the promissory note executed by Aurora was subject to the annual one mill tax imposed by Section 199.032(1), Florida Statutes. The challenged Declaratory Statement is therefore
Affirmed.

. In contrast, “leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state," have been recognized for tax purposes as real property so that a note secured by a mortgage on such a leasehold interest is subject to the nonrecurring two mill tax under Section 199.032(2). See 1974 Op.Atty.Gen.Fla. 074-350A (November 21, 1974). However, this Attorney General’s opinion expressly adheres to an earlier opinion which unequivocally concluded that leases of privately owned property were not realty:
"I might conclude by noting that a construction that notes, bonds, or other obligations secured by a mortgage upon a leasehold are outside the purview of § 199.032(2), F.S., does not in any manner whatsoever imply that such intangibles are therefore not subject to taxation under Ch. 199, F.S. Indeed, the one mill tax under § 199.032(1) would appear fully applicable to such intangibles and their annual return for taxation would thus be mandated."
1974 Op.Atty.Gen.Fla. 074-350 (November 13, 1974).

. It is evident that the tax imposed by Chapter 199 on the intangible personal property defined therein, such as Aurora’s note, is an ad valorem tax. The tax is computed by applying a statutory millage to the "just valuation" of the personal property. See §§ 199.032, 199.103 and 199.122. A tax imposed directly on property according to its value is an “ad valorem” or “property tax.” See City of DeLand v. Florida *1134 Public Service Company, 119 Fla. 804, 161 So. 735 (1935).

. In Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla.1957), relied on by Aurora, the court held that a leasehold interest in county property was neither tangible nor intangible personal property and thus not subject to being taxed as tangible personal property. First, this is not a holding that a leasehold interest in privately owned real property should be classified as real property for the purpose of ad valorem taxation; second, the case involves the taxability of the leasehold interest itself, not, as here, the taxability of a promissory note secured by a leasehold; and third, the leasehold interest in Park-N-Shop is now taxable as intangible personal property. See §§ 196.199(2)(b) and 199.023(l)(d), Fla.Stat. (1985).