PER CURIAM.
The defendant, James Westley White, appeals his conviction and sentence for selling cocaine within one thousand feet of a school zone. We reverse and remand for a new trial.
During jury selection, the defendant moved to dismiss five jurors for cause. The trial court denied the defendant’s request to excuse three of the jurors. One of these jurors, Castellanos, stated that she might not be an impartial juror since she had two children, taught Sunday school, and loved children. After the trial judge questioned her, Castellanos stated that she would probably be fair and could acquit the defendant if there was no proof beyond a reasonable doubt of his guilt. The other two jurors, Fradley and Gomez, stated that they expected the defendant to testify at trial.
The defendant used peremptory challenges to excuse Castellanos and Fradley. However, the defendant did not have enough peremptory challenges to excuse Gomez. The trial court denied the defendant’s request for an additional peremptory challenge. Therefore, Gomez remained on the jury.
After the jury returned a guilty verdict, the trial court sentenced the defendant under the guidelines to seven years in prison. The defendant appeals.
The defendant contends that the trial court erred in denying his motion to strike Castellanos for cause. We agree. While the trial judge tried to rehabilitate juror Castellanos, her answers raised a reasonable doubt as to whether she could be fair and impartial. See Hamilton v. State, 547 So.2d 630 (Fla.1989); Moore v. State, 525 So.2d 870 (Fla.1988); Mann v. State, 571 So.2d 551 (Fla. 3d DCA 1990); Garcia v. State, 570 So.2d 1082 (Fla. 3d DCA 1990); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989). We conclude, under these circumstances, that the trial judge erred in refusing to excuse Castellanos. See Moore, 525 So.2d at 870; Price, 538 So.2d at 486.
In addition to having asked for additional peremptory challenges, the defendant attempted to challenge juror Gomez for cause and objected to juror Gomez after his peremptory challenges had been exhausted. Thus, under the standard enunciated in Trotter v. State, 576 So.2d 691 (Fla.1990), the defendant properly objected that the panel which had been ultimately chosen included an objectional juror and, therefore, has shown reversible error. See also Villorin v. State, 578 So.2d 738 (Fla. 3d DCA 1991). For the foregoing reasons, the defendant’s conviction is reversed and the cause is remanded for a new trial.
Reversed and remanded for a new trial.