Joe Teague Caruso General Counsel to the Brevard County Property Appraiser
QUESTION:
1. Are the real property and improvements owned by the Canaveral Port Authority which are leased to a nongovernmental lessee taxable when such property and improvements do not serve a governmental, municipal or public purpose or a literary, scientific, religious or charitable purpose?
2. If Question One is answered in the affirmative, is such property taxable as intangible personal property pursuant to s.196.199(2)(b), F.S., or as real property subject to ad valorem taxation pursuant to s. 196.199(4), F.S.?
SUMMARY:
1. The real property and improvements owned by the Canaveral Port Authority which are leased to a nongovernmental lessee and which are not used for a governmental, municipal, public, literary, scientific, religious or charitable purpose, is subject to taxation.
2. Such property, which is owned by the Authority and used for private purposes, is subject to ad valorem taxation as real property.
AS TO QUESTION 1:
The Canaveral Port Authority (Authority) was created by special act as a public body corporate.[1] The Authority has been vested with certain powers necessary and convenient to the operation of Port Canaveral, including the authority to enter into leases.[2]
According to information provided to this office, the Authority has entered into more than a hundred leases. All of the leases have provisions making the tenant liable for any ad valorem taxes. Some leases provide that any improvements made by the tenant during the term of the lease may be removed by the tenant when the lease is terminated while others state that upon termination of the lease, any improvements belong to the Authority. Your letter, however, concerns the taxation of the real property and the improvements which are owned by the Authority and which are not used either for a governmental, municipal or public purpose or for a literary, scientific, religious or charitable purpose.
In creating the Authority, the special act provided:
 All property, real and personal, tangible and intangible, now owned or hereafter acquired and held by the Canaveral Port Authority, the governing authority of the Canaveral Port District, shall be exempt from all taxation levied and assessed pursuant to the Constitution and Laws of the State of Florida by any taxing unit.[3]
In 1971, however, the Legislature repealed "[a]ll special and local acts or general acts of local application granting specific exemption from property taxation . . . to the extent that such exemption is granted . . . ."[4] Thus, the exemption for the property of the Authority has been repealed and the taxation of such property is now governed by general law.
Unless specifically exempted, all real property located in Florida is subject to taxation.[5] Section 196.199(1), F.S., provides an exemption from ad valorem taxation for all property "owned and used" by the "several political subdivisions . . . or of entities created by general or special law and composed entirely of governmental agencies, or property conveyed to a nonprofit corporation which would revert to the governmental agency, which is used for governmental, municipal, or publicpurposes . . . ." (e.s.)
Similarly, leasehold interests in property of the state or any of its political subdivisions, municipalities, agencies, authorities and other public bodies corporate of the state are exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal or public purpose or function, as defined in s. 196.012(6), F.S.[6] Governmental property subject to a leasehold or other possessory interest of a nongovernmental lessee may also be exempt from ad valorem taxation if the lessee is an organization which "uses the property exclusively for literary, scientific, religious, or charitable purposes."[7]
Under the foregoing statutes, the real property of the Authority will be subject to ad valorem taxation if the Authority or lesse uses the property for a nonexempt purpose. Since you have advised this office that the property in question is being used for a predominately private purpose, I am of the opinion that the property is not entitled to an ad valorem real property exemption.
AS TO QUESTION 2:
Some leasehold interests in real property owned by government are subject to an intangible property tax.[8] A distinction between real property and intangible personal property, however, has been recognized by the statutes and the courts.[9]
The Fifth District Court of Appeal in City of Orlando v. Hausman,[10]
considered whether certain property owned by the City of Orlando and the Greater Orlando Aviation Authority, an agency of the city and leased to tenants who used the property for private purposes was subject to ad valorem taxation. The city argued that since the tenants' interests were subject to intangible personal property taxation, the city's "reversion interest" was exempt from ad valorem taxation. The court rejected the city's argument and found that the city's real property was subject to ad valorem taxation as real property since it was not used for a legitimate exempt purpose.[11] The court concluded that real property owned by a governmental entity and leased to an entity to be used for a private purpose is subject to ad valorem taxation.[12]
Therefore, it is my opinion that the real property in question which is owned by the Authority and used for private purposes is subject to ad valorem taxation.[13]
RAB/tjw
[1] Chapter 28922, Laws of Florida 1953.
[2] Sections 1 and 16, Art. IV, Ch. 28922, Laws of Florida 1953.
[3] Section 1, Art. XII, Ch. 28922, supra.
[4] Section 14, Ch. 71-133, Laws of Florida. Cf., Straughn v. Camp, 293 So.2d 689, 694 (Fla. 1974), recognizing the authority of a subsequent Legislature to repeal prior tax exemption statutes.
[5] Section 196.001(1), F.S.
[6] Section 196.199(2)(a), F.S. And see, s.196.012(6), F.S., which provides:
Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds. . . .
[7] Section 196.199(4), F.S. And see, s. 196.199(5), F.S., providing that leasehold interests in governmental property shall not be exempt unless an application for exemption has been filed on or before March 1 with the property appraiser.
[8] See, e.g., ss. 199.023(1)(d) and196.199(2)(b), F.S.
[9] See, ss. 192.001(11)(b) and 199.023(1), F.S., defining "Intangible personal property," and s. 192.001(12), F.S., defining "Real property." And see, Aurora Group, Ltd. v. Department of Revenue, 487 So.2d 1132 (3 D.C.A. Fla., 1986); Wilkinson v. St. Jude Harbors, Inc., 570 So.2d 1332 (2 D.C.A. Fla., 1990).
[10] 534 So.2d 1183 (5 D.C.A. Fla., 1988).
[11] Id. at 1184.
[12] Id. at 1185.
[13] Accord, Sarasota Manatee Airport Authority v. Mikos, et al., No. 91-4479-CA-01 (12th Cir. Sarasota Co., Dec. 12, 1991), appealed filed, No. 92-0125 (2 D.C.A. Fla., 1992).