WARNER, Judge.
The trial court denied a challenge for cause to a juror who was an assistant state attorney and the supervisor of the assistant state attorney actually trying the case against the appellant. We hold that it was error to do so, as it not only conflicts with the statutory grounds for disqualification and challenges for cause, but it tends to impair the integrity of the judicial process to believe that a “fair and impartial jury” as required by the constitution could include the attorney for the state in whose name the charges against a defendant are instituted.
Surprisingly, the statutes governing disqualification do not expressly prohibit attorneys of parties involved in litigation from sitting on juries who will try the particular case. However, section 40.-013(3), Florida Statutes (1991) states that “No person interested, in any issue to be tried therein shall be a juror in any cause.” Certainly, the attorney representing the state is “interested in any issue to be tried.” Each assistant state attorney upon appointment is required to take an oath that she will faithfully perform the duties of assistant state attorney, section 27.-181(2), Florida Statutes (1991), including the prosecution of all criminal informations and indictments. Thus, they are all attorneys for the state, the party in interest in the prosecution of the appellant. Each assistant state attorney serves at the pleasure of the elected state attorney in whose name all informations are filed, including the one in this case. The state attorney has the power to hire, fire, and set the salary of each assistant. This is sufficient interest to warrant disqualification.
Even if it does not neatly fit within the grounds of disqualification, the challenge for cause should have been granted. Our decision in Jenkins v. State, 380 So.2d 1042 (Fla. 4th DCA1980), is of some support. In that case this court noted that the brother of an assistant state attorney in the same office as the assistant state attorney trying the case probably should have been disqualified because of the blood relationship, citing section 913.09, Florida Statutes (1979). However, because the error was not preserved, the court did not reverse. Certainly if a challenge to the brother of the assistant state attorney should be granted, then it would make absolutely no sense not to grant a challenge to the assistant state attorney himself or herself.
While the assistant state attorney here stated that she could be a fair juror, that assurance is not determinative of the question, but the trial court must look at all of the evidence before it. See Price v. State, 538 So.2d 486 (Fla. 3d DCA1989). Here, the prospective juror was the supervisor of the assistant state attorney trying the case, and one of her duties was to evaluate her performance. Also, as noted above, she was an employee at will of State Attorney David Bludworth, 'in whose name all prosecutions are brought. The evidence suggests that at the very minimum an implied bias may be said to exist, and where *629 there is any reasonable doubt about the impartiality of the juror, then that juror should be excused from service. Singer v. State, 109 So.2d 7 (Fla.1959).
Not only for the reasons cited above but also for the integrity of the judicial process and the guarantee of the defendant’s constitutional right to trial by a fair and impartial jury, we hold that it is error to fail to excuse from jury service an assistant state attorney from the very office charged with prosecuting a defendant.
Since the appellant’s attorney preserved his challenge by exhausting his peremptory challenges, stating that he would excuse another juror were he to be given another peremptory, and requesting the same from the judge which was denied, we must reverse and remand for a new trial.
LETTS and STONE, JJ., concur.