643 So.2d 654 (1994)
Manning CONEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1164.
District Court of Appeal of Florida, Third District.
October 5, 1994.
*655 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
The State concedes that the trial court made insufficient findings of fact before allowing the victim to testify by closed-circuit television. See § 92.54(5), Fla. Stat. (1991); Hopkins v. State, 632 So.2d 1372, 1375-76 (Fla. 1994) (trial judge must make case-specific findings of fact before allowing closed-circuit testimony). The trial court further erred in refusing to allow the defendant to have instantaneous communications with his attorney during the victim's closed-circuit testimony. The relay system employed at trial  whereby the defendant was accompanied by a certified legal intern who could carry messages to defense counsel  was inadequate, and violated the defendant's constitutional right to the assistance of counsel. See Myles v. State, 602 So.2d 1278, 1280 (Fla. 1992) (communication system whereby bailiff relayed messages from defendant to counsel was inadequate).
The State also concedes that the trial court erred in finding the victim competent to testify. The trial court did not personally interview the victim, but merely watched a videotaped interview of the victim, and listened to a doctor's opinion about the victim. However, the videotape was made approximately two years prior to trial, and the doctor's opinion was based upon an examination of the victim which occurred approximately one year prior to trial. Consequently, the trial court failed to adequately inquire into the victim's competency at the time of trial. See State v. Ford, 626 So.2d 1338, 1347 (Fla. 1993) (a finding of competency did not automatically carry over to testimony given 10 and 12 days later). The error in the trial court's competency ruling was further exacerbated by the fact that no finding was made that the victim understood the obligation to tell the truth. See Wade v. State, 586 So.2d 1200, 1204 (Fla. 1st DCA 1991) (a competency inquiry must demonstrate the witness's understanding of the moral obligation to tell the truth). This omission was especially important in this case since the victim had previously stated that she would tell a lie to get the defendant in trouble.
In addition, the trial court erred in not excusing juror Smith for cause. Juror Smith's responses during voir dire demonstrated that she had a preconceived belief that a victim in a case such as this would only tell the truth. See Hamilton v. State, 547 So.2d 630, 633 (Fla. 1989) ("`A juror is not impartial when one side must overcome a preconceived opinion in order to prevail.'" (quoting Hill v. State, 477 So.2d 553, 556 (Fla. 1985))).
Finally, none of the foregoing errors can be considered harmless since, based upon a review of the record as a whole, it can not be said that, beyond a reasonable doubt, the erroneously admitted evidence did not affect the jury's decision to find the defendant guilty. State v. DiGuilio, 491 So.2d 1129 *656 (Fla. 1986); Holland v. State, 632 So.2d 723 (Fla. 3d DCA 1994). Based on the foregoing, we need not address the defendant's remaining points. Accordingly, the convictions and sentences imposed in this case are reversed, and this case is remanded for a new trial.
Reversed and remanded.