656 So.2d 560 (1995)
Willie DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0989.
District Court of Appeal of Florida, Fourth District.
June 14, 1995.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee.
*561 PARIENTE, Judge.
Defendant appeals his conviction for attempted manslaughter with a weapon. We reverse his conviction because the trial court erroneously failed to excuse a juror for cause.
This case arises from an incident of domestic violence wher defendant hit his wife in the skull and face with a hammer causing her life threatening injuries. Defendant claimed he acted in self-defense. Defendant's version of the events differed markedly from that of his wife's, both of whom testified at trial, thus making the credibility of defendant versus that of his wife a critical aspect of the case.
During voir dire, the questioning turned to the jurors' experiences with divorce and domestic violence and their views about this type of case. The following colloquy occurred between defense counsel and juror Milton Kostick:
DEFENSE: Would that affect your ability, having been so involved in the first divorce with your brother's wife, would that affect your ability to be a fair and impartial juror in a case of domestic violence?
KOSTICK: I don't think so. But I would tend to be sympathetic.
DEFENSE: Toward?
KOSTICK: The woman.
DEFENSE: Why?
KOSTICK: Maybe because I'm the father of two daughters.
.....
I feel very strongly about the enter [sic] quality of the sexes being unfair, truthfully. I'm very protective of my children and women in general and very conscious even though  I have been sued for discrimination and lost the case against a male, didn't lose the case, I settled out of court because I was guilty. I tend to feel women are being perfectly honest to a great  I'm much more sympathetic and understanding and I believe them.
DEFENSE: Having these beliefs and having expressed the reason for your beliefs, do you believe that this will affect your ability to be a fair and impartial juror as far as Mr. Davis is concerned?
KOSTICK: I think I would give the benefit of the doubt to the woman.
DEFENSE: As opposed to Mr. Davis?
KOSTICK: Yes.
(Emphasis added).
Juror Kostick's statements that: "I tend to feel women are being perfectly honest;" "I'm much more sympathetic and understanding and I believe them;" and "I think I would give the benefit of the doubt to the woman," are strong expressions of a pre-existing bias which would favor the wife, the victim in this case. His statements were based on his own experiences, including being involved in a sexual discrimination lawsuit and his involvement with his brother's divorce.
Juror Kostick's responses are similar to those of the juror in Coney v. State, 643 So.2d 654, 655 (Fla. 3d DCA 1994), where the third district found error in not excusing the juror for cause. In Coney, the juror's responses during voir dire demonstrated a preconceived belief that "a victim in a case such as this would only tell the truth." See also White v. State, 579 So.2d 784 (Fla. 3d DCA 1991); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987). Where a juror demonstrates a strong bias for or against the credibility of one side or another, which he or she is unsure can be put aside, a challenge for cause should be granted. The underlying common principle is that "a juror is not impartial when one side must overcome a preconceived opinion in order to prevail." Hamilton v. State, 547 So.2d 630, 633 (Fla. 1989) (quoting Hill v. State, 477 So.2d 553, 556 (Fla. 1985)).
If there is a reasonable doubt about a juror's impartiality, then the juror should be dismissed for cause. Moore v. State, 525 So.2d 870, 872 (Fla. 1988); Hill v. State, 477 So.2d 553 (Fla. 1985); Singer v. State, 109 So.2d 7 (Fla. 1959); Williams v. State, 638 So.2d 976 (Fla. 4th DCA), review granted, 648 So.2d 724 (Fla. 1994), review denied, 654 So.2d 920 (Fla. 1995); Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994); Denson v. State, 609 So.2d 627 (Fla. 4th DCA 1992); *562 Chapman v. State, 593 So.2d 605 (Fla. 4th DCA 1992).
Here, juror Kostick's initial strong and candid statements displayed unequivocal bias which favored the wife. Although he did eventually state that he thought he would "judge the facts of this case" and that he did not "think" that his sympathies would affect his ability to be fair and impartial, he never withdrew from his statement that he would give the benefit of the doubt to the woman. See Williams; Montozzi; Denson v. State, 609 So.2d at 628; Jones v. State, 652 So.2d 967, 969 (Fla. 3d DCA 1995); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989).
Defendant's inability to have juror Kostick excused for cause wrongfully forced him to exercise a peremptory challenge needed for another juror. Having exhausted his peremptory challenges, defendant was unable to exercise a peremptory challenge against juror White, a former police officer, who ultimately served on the jury. Defendant therefore properly identified juror White as a specific, objectionable juror, whom he otherwise would have struck peremptorily. See Knowles v. State, 632 So.2d 62 (Fla. 1993); Trotter v. State, 576 So.2d 691 (Fla. 1990); Griefer v. DiPietro, 625 So.2d 1226 (Fla. 4th DCA 1993).
The denial of a right to exercise a peremptory challenge is reversible without a showing of prejudice. See Hagerman v. State, 613 So.2d 552, 553 (Fla. 4th DCA 1993). The focus of our inquiry is not on whether juror White was incorrectly seated, but rather, whether juror Kostick should have been excused. The failure to excuse juror Kostick for cause constituted reversible error because it forced defendant to exhaust his peremptory challenge on a person who should have been excused for cause. Trotter; Williams. Accordingly, we reverse and remand for a new trial.
REVERSED AND REMANDED.
KLEIN and SHAHOOD, JJ., concur.