666 So.2d 588 (1996)
Ronald Lewis LAZANA, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02377.
District Court of Appeal of Florida, Second District.
January 19, 1996.
*589 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Ronald Lewis Lazana appeals his judgment and sentence for handling and fondling a child under sixteen and for committing a lewd and lascivious act in the presence of a child. Although he raises five issues on appeal, we find merit only in his argument that the trial court erred in denying defense motions to strike prospective jurors for cause. Because we find the trial court should have stricken several jurors for cause, and because the defendant was not given an additional peremptory challenge, we reverse for a new trial.
Lazana befriended a twelve-year-old boy by first becoming acquainted with his mother, then taking the boy go-carting, to the fair, and on other outings. The state alleged Lazana, after becoming very friendly with the child, performed oral sex on him. The state also alleged Lazana masturbated in front of the child and one other boy.
During voir dire, veniremember Blount stated he had reported incidents of child sex abuse through his work, which included counseling sex offenders. Although he stated he did not know whether his work experience would affect his ability to be impartial in a child sex abuse case, he said he could follow the law.
Veniremember Freiermuth stated he would tend to give a child's testimony the benefit of the doubt. He further opined that if Lazana is charged with the crime, there probably is some basis for the charges. Freiermuth also stated he would hold it against the defendant if he did not testify. Veniremember Carr had heard and/or seen a lot in the media about these types of cases and expressed some reservations about whether the media information would influence her in favor of the state. Veniremember Summerford stated he would probably hold it against Lazana if he did not testify. Veniremember Nolan was a former Massachusetts attorney whose practice primarily involved civil and probate matters.
At the bench conference following voir dire, the court denied defense requests to strike veniremembers Blount, Freiermuth, Carr, and Summerford for cause. After using all his peremptory strikes, Lazana requested an additional peremptory strike for Nolan. This request was denied. Of the above veniremembers who were objectionable to Lazana, only Nolan was seated on the jury.
The denial of the challenge for cause of veniremember Blount was not error since Blount unequivocally stated he could be fair and impartial. However, the trial court erred in failing to strike for cause veniremembers Freiermuth, Carr and Summerford. These veniremembers expressed doubts as to their ability to be fair and impartial. Veniremember Freiermuth demonstrated a strong bias in favor of the victim when he indicated he would give the child the benefit of the doubt. Additionally, both Freiermuth and Summerford indicated an inability to follow the law when they stated they would hold it against the defendant if he did not testify. Based on the responses by Freiermuth and Summerford, the challenges for cause should have be granted. Singer v. State, 109 So.2d 7 (Fla. 1959); Coney v. State, 643 So.2d 654 (Fla. 3d DCA 1994). Veniremember Carr's exposure to media articles on the subject led her to express reservations about her impartiality, even though she stated she would try to be fair. Her statements were sufficiently equivocal to require her excusal for cause. Cf. Ortiz v. State, 543 So.2d 377 (Fla. 3d DCA 1989). If there is a reasonable doubt as to a juror's ability to be impartial, the juror should be excused for cause. Moore v. State, 525 So.2d 870 (Fla. 1988); Jones v. State, 660 So.2d 291 (Fla. 2d DCA 1995); Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995).
*590 Lazana has demonstrated reversible error in the jury selection process. He exhausted his six peremptory challenges. He then requested and was denied an additional peremptory challenge. Finally, Lazana identified an objectionable juror who was accepted on the panel. Trotter v. State, 576 So.2d 691 (Fla. 1990). The trial court's failure to excuse three veniremembers for cause forced Lazana to exhaust his peremptory challenges on persons who should have been excused for cause. Lazana is entitled to a new trial before a fair and impartial jury.
We, therefore, reverse and remand for a new trial.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.