770 So.2d 714 (2000)
Mark A. SHANNON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3908.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
*715 Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Robert R.' Wheeler and Bart Schneider, Assistant Attorneys General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of robbery with a firearm and burglary while armed with a firearm. We reverse and remand for a new trial because the trial court erred in denying appellant's challenges to jurors for cause.
One juror stated that he could not understand why someone who was innocent would not speak to his innocence at trial. Another juror said that he would give a police witness more credibility than a lay witness because his son-in-law was a police officer with the West Palm Beach Police Department. Neither of these jurors receded from their positions or said they could be fair after expressing these views.
We agree with the appellant that the trial court erred in not granting his challenges to these two jurors for cause. Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995)(statement that a juror would favor the credibility of one class of witnesses over another raises reasonable doubt about impartiality); Gibson v. State, 534 So.2d 1231 (Fla. 3d DCA 1988)(equivocation about defendant's right not to testify is reason to grant challenge to juror for cause).
A third juror admitted on voir dire that he could not promise that he would stand by his convictions in the face of pressure from other jurors because he had previously been a juror in a criminal case and had succumbed to the pressure from *716 other jurors, despite his misgivings. Appellant's challenge for cause to him should also have been granted.
Appellant used peremptory challenges on all three jurors and renewed his objection to the jury just before it was sworn. He also identified a juror that he would have exercised a peremptory challenge on if he had not exhausted his peremptory challenges on the jurors he challenged for cause. The state argues that the appellant failed to preserve the error because appellant's counsel did not explain to the trial court, when he was asked, why the juror he identified was objectionable.
In Trotter v. State, 576 So.2d 691 (Fla. 1990), our supreme court explained:
Where a defendant seeks reversal based on a claim that he was wrongfully forced to exhaust his peremptory challenges, he initially must identify a specific juror whom he otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted.
Neither Trotter, nor any other authority cited by the state, requires an explanation as to why the juror who sat was objectionable. Nor should an explanation be required since a peremptory challenge is, by definition, a challenge that "need not be supported by any reason, although a party may not use such a challenge in a way that discriminates against a protected minority." Black's Law Dictionary 223 (7th ed.1999).
Appellant also argues that the trial court erred in ruling that it would allow the state to cross examine appellant about a different crime, if appellant took the stand. Because appellant did not testify, and the evidence of the other crime was not admitted, this issue was not preserved for appellate review. State v. Raydo, 713 So.2d 996 (Fla.1998). We have considered the other errors raised by appellant and find them to be without merit.
Reversed and remanded for a new trial.
SHAHOOD and GROSS, JJ., concur.