GRIFFIN, J.
The defendant below, Anthony B. Boy-kins [“Boykins”], was convicted of robbery with a firearm. He seeks a new trial, asserting that the trial court erred in refusing to strike four jurors for cause, in limiting the scope of cross-examination of a witness and in failing to grant a mistrial based on prosecutorial misconduct during closing argument. We find no reversible error, but we believe that one claim warrants discussion.
During voir dire, Juror Dibari expressed doubt about her ability or willingness to withstand the views of the other jurors during deliberation:
[DEFENSE COUNSEL:] ... if you were selected to sit on this panel and went back to deliberate after all of the evidence is in and you are asked to decide the facts of this case because that’s your role and there were five votes against you, the other five felt strongly one way and you felt strongly the other way and you standing there alone with the greater number against you, would you give in to that greater number?
DIBARI: Unfortunately, I might give in.
[DEFENSE COUNSEL]: You think that you might?
DIBARI: Because we all see the same facts pretty much and I don’t know what I could prove that would hold up against the other people.
Juror Dibari was challenged for cause based on her expressed misgivings about whether she would succumb to the will of the majority. The court denied the “for cause” challenge. Boykins used a peremptory to excuse her as the alternate juror and sought an additional peremptory.
On appeal, appellant relies on Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000). There, the court ordered a new trial where one juror said during voir dire that he had previously sat on a jury where he had succumbed to pressure from other jurors and expressed an inability to maintain his view of the evidence if pressured by other jurors.
Despite the similarities, Shannon does not control the outcome of this case. The juror in Shannon was explicit about his weakness, his prior experience and previous failure to follow his oath. Ms. Dibari merely said that she might not be able to be persuasive and might give in to the reasoning of others since they all were privy to the same evidence. We note that Shannon cites no cases in support of its conclusion that a juror who cannot commit to withstand the reasoning of other jurors is subject to a challenge for cause. Section 913.03, Florida Statutes (1999) identifies twelve grounds for a challenge for cause. None of these statutory grounds applies to the facts before us. Accordingly, we find no error in failing to allow this challenge for cause.
AFFIRMED.
PETERSON and ORFINGER, R.B., JJ., concur.