870 So.2d 893 (2004)
Alvin BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3957.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
Rehearing Denied May 12, 2004.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
Defendant's sole contention on appeal is that the trial judge abused his discretion in refusing his challenge for cause as to one potential juror's impartiality. We agree. The juror expressed a clear bias in favor of the state and his responses to the court's questioning merely indicated he would "try" his best not to be prejudiced. While a juror's efforts to be a neutral fact-finder may be admirable, on this record we find the juror's remarks were legally insufficient indicia of his impartiality. See Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995).
During voir dire, juror 12 responded to the trial judge's inquiry whether any potential *894 juror had been the victim of a crime that could result in prejudice. He was a victim of attempted armed robbery and had favorable impressions of the police investigation. The judge asked whether that experience would bias or prejudice him for or against the state or for against the defendant. The juror said, "I'd try not to." When the judge repeated his question, the juror said, "If I had a bias it would be against the defendant." The judge then inquired whether he could put the matter entirely aside and consider the case solely on the evidence. The juror said, "I would give it my best shot."
Defendant challenged this juror for cause, arguing that the word "try" did not indicate a neutral mind. The trial judge denied the challenge. Defendant then employed a peremptory challenge to remove juror 12 from the panel, exhausted his peremptory challenges, and requested another peremptory challenge naming an objectionable juror who was seated on the jury. The judge denied his request. The jury ultimately found the defendant guilty on two counts of battery on a law enforcement officer, one count of fleeing and eluding, and one count of possession of cocaine.
Defendant argues that the trial judge should have excused potential juror 12 for cause because there was a reasonable doubt whether he could render an impartial verdict. He has preserved his challenge for our review. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990) ("To show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted."); Jenkins v. State, 824 So.2d 977, 981 (Fla. 4th DCA 2002) ("On direct appeal, to preserve for appellate review a claim that the trial court improperly denied a cause challenge to a juror, a defendant must exhaust his peremptory challenges, request an additional peremptory challenge from the court, and demonstrate that an objectionable juror was seated.").
A juror must be excused for cause if reasonable doubt exists as to whether the juror possesses an impartial state of mind. Bryant v. State, 656 So.2d 426 (Fla.1995). The test is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. Singer v. State, 109 So.2d 7 (Fla.1959).
In Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995), we granted defendant a new trial based on a potential juror's remark that he would tend to be sympathetic toward one party. We found his later statements, that he did not "think" that his feelings would impact his ability to be fair, to be legally insufficient to overcome a showing of possible partiality. We explained:
"Where a juror demonstrates a strong bias for or against the credibility of one side or another, which he or she is unsure can be put aside, a challenge for cause should be granted. The underlying principle is that `a juror is not impartial when one side must overcome a preconceived opinion in order to prevail.'"
656 So.2d at 562.
On the face of this record, it is even clearer than it was in Davis that there was a reasonable doubt the juror possessed an impartial state of mind. Juror 12 clearly expressed an unequivocal bias in favor of the state and his remark, "I'd try not to [be prejudiced]," demonstrated that even he was uncertain he could put that bias aside. While the juror stated he "would give it his best shot," he never uttered any affirmative words indicating that he could in fact lay aside any bias or prejudice. The juror's responses were legally insufficient *895 to indicate his impartiality. Davis, 656 So.2d 560. He should have been excused for cause. Singer v. State, 109 So.2d 7, 23-24 (Fla.1959) ("[I]f there is a basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial[,] he should be excused on motion of a party, or by the court on its own motion."); accord Hill v. State, 477 So.2d 553, 555 (Fla.1985); Jenkins v. State, 824 So.2d 977, 980 (Fla. 4th DCA 2002); Lowe v. State, 718 So.2d 920, 921-22 (Fla. 4th DCA 1998).
The state asserts that the juror was later rehabilitated when the court inquired of the panel whether they could remain impartial and he did not respond. While Florida law permits the rehabilitation of a juror whose responses in voir dire raise concerns about impartiality, reasonable doubt is not overcome by a juror's silence to a question asked of the entire panel. See Juede v. State, 837 So.2d 1114, 1116 (Fla. 4th DCA 2003). Additionally, we have consistently held that close cases should be resolved in favor of excusing the juror. See, e.g., Williams v. State, 638 So.2d 976, 978 (Fla. 4th DCA 1994), review granted, 648 So.2d 724 (Fla.1994), review denied, 654 So.2d 920 (Fla.1995) (impartiality of fact finders absolute prerequisite).
Contrary to the state's argument, the defendant has demonstrated that an objectionable juror was seated. See Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000) (defendant not required to explain why juror who sat on panel is objectionable because peremptory challenge need not be based on any specific reason). He has also shown prejudice by the error. Ault v. State, 866 So.2d 674 (Fla.2003) (rejecting harmless error analysis; issue is "whether the composition of the jury panel as a whole could possibly have been affected by the trial court's error."); Hill v. State, 477 So.2d 553 (Fla.1985) (error not harmless because it reduces number of strikes available).
Because we find the juror's responses legally insufficient to indicate his impartiality, the trial judge lacked discretion to refuse defendant's challenge. See Davis, 656 So.2d 560; Juede v. State, 837 So.2d 1114, 1116 (Fla. 4th DCA 2003) (whether challenged juror's responses are sufficient "is a mixed question of law and fact to be resolved by the trial court."). On this record, "[w]e have no choice but to reverse for a new trial in front of fair and impartial jurors." James v. State, 736 So.2d 1260, 1263 (Fla. 4th DCA 1999).
GUNTHER and TAYLOR, JJ., concur.