GERBER, J.
The defendant appeals his conviction and sentence for grand theft of a motor vehicle and burglary of a dwelling. He argues that the trial court erred in denying his cause challenge to a potential juror who was an assistant state attorney in the same state attorney’s office as the prosecutor. We agree with the defendant and reverse for a new trial.
Because the state’s answer brief relies heavily on the potential juror’s responses and the trial court’s statements during voir dire, we provide a detailed recitation of those portions of the record here.
During the trial court’s questioning of potential jurors, Juror 7 identified herself as an assistant state attorney working in the same state attorney’s office as the prosecutor. The following exchange then occurred between the court and Juror 7:
Court: If you are selected as a juror in this case, I’m going to give you an instruction that you have to judge this case strictly on the law as I give it to you which means you have to put out of your mind anything you think you might know about criminal law, anything you learned in law school or that you have learned as a result of your practice. Can you do that?
Juror 7: Yes.
After the court completed its questioning of the potential jurors, defense counsel expressed concern about Juror 7:
Defense: Your Honor, my only concern was with [Juror 7], because she is a current prosecutor with the State Attorney’s Office in Broward. Frankly, I think that alone would be enough for a “for cause” strike but my concern is that she is on the panel now and we ask her questions, that might lead to some tainting of the jury down the road. It might just be better to strike her at this point.
Court: I guess you are going to have to be careful how you question her. The thing about it is, I don’t agree with you. I don’t think that a person’s occupation is a valid basis, if you will, for a cause challenge. I just don’t see it that way. So, just because she is an assistant state attorney or for that matter an attorney *946 doesn’t mean that she can’t be a good juror.
Defense: Your Honor, she works [in] the prosecutor’s office that is currently prosecuting my client, and she is a prosecutor, she is just not ... clerical staff. Court: You are aware that they take an oath?
Defense: Absolutely.
Court: They take an oath to be not only—
Defense: I understand.
During the state’s questioning of Juror 7, the following exchange occurred:
State: How long have you worked for the State Attorney’s Office?
Juror 7: A little over two months.
State: So you are pretty new.
Juror 7: Yes.
State: What division do you work in?
Juror 7: Juvenile.
State: ... [H]ave we ever met before?
Juror 7: No.
During defense counsel’s questioning of Juror 7, the following exchange occurred:
Defense: Obviously, [the prosecutor] also works for the State Attorney’s Office. I obviously don’t. Is that going to factor into your analysis at all, maybe because she works for your office, you might be inclined to believe what she has to say?
Juror 7: No.
Defense: If, ultimately, you were on the jury and you were to find [the defendant] not guilty, you wouldn’t be worried about how that would sort of play in your office, if other people found out that you’re a state attorney and you are on the jury and you found [the defendant] not guilty?
Juror 7: I would hope not.
Defense: What about the officers that are involved in this case, do you think that as a state attorney that you have a higher opinion of them than maybe a general member of the public would?
Juror 7: I don’t think so.
Defense: Have you had any interaction with any of the police officers in Bro-ward County through your cases that you have almost gone to trial with?
Juror 7: Yes.
Defense: And you rated them pretty solidly, you have a pretty solid impression of those?
Juror 7: I have rated them an 8, not a 10. I mean. No one’s job is perfect. There is room for improvement. We can all do our job a little better, and sometimes we don’t foresee some of the mistakes you do make or not make until later on.
Defense: Now, you as a state attorney would have access to presumably [the prosecutor’s] file if you really wanted it; correct? If you ordered it, they would give it to you? Not today, but?
Juror 7: I don’t know. I’m in juvenile. This is felony so I’m not sure what access I have to that.
Defense: Do you guys have a computer system where you keep track of all your cases?
Juror 7: Yes. But the documents are not there. It is just basically like dates or who the attorney is.
Defense: So background?
Juror 7: Yes.
Defense: So it is your contention that you could be fair and impartial on this jury, even though you are a state attorney?
Juror 7: Yes.
After voir dire concluded, the defense moved to strike Juror 7 for cause. The following exchange occurred:
*947 Defense: She is currently a prosecutor with the Broward State Attorney’s Office. I think it is inappropriate for the State Attorney to be both prosecuting the case and deciding the case. There is one sitting on this table, and there is one in the jury box. I think that there is just inherent conflict based on that employment alone. Again, it is not that she is on the administrative staff with the prosecutor’s office. She is actually a prosecutor prosecuting cases.
Court: I will deny your challenge for cause on that basis.
The defense ultimately used a peremptory challenge on Juror 7. After exhausting its remaining peremptory challenges, the defense requested the court to grant an additional peremptory challenge. In support of the request, the defense argued that because the court would not strike Juror 7 for cause, the defense used a peremptory challenge on Juror 7. The defense then stated that, if the court granted an additional peremptory challenge, the defense would use that challenge on Juror 4. The court denied the request. Juror 4 was selected for the jury.
After the jury was selected, but just before the jury was sworn, the following exchange occurred between the court and the defense:
Court: Are these the jurors that you want to try your case?
[[Image here]]
Defendant: No.
Court: ... [C]an you tell me what problems you have with any of these jurors?
Defendant: [Juror 4],
[[Image here]]
Court: What is your problem with [Juror 4]? I didn’t hear any challenge for cause. Just you don’t like him?
Defendant: He was quiet, too quiet.
[[Image here]]
Defense counsel: [T]he thing we didn’t like about him was ... he was very quiet. He slouched back when we talked to him. He didn’t seem very interested in being here. He gave off a lot of negative body language. When I asked him questions about certain legal issues, he didn’t really have an opinion. For those reasons I would have struck [Juror 4].
The jury found the defendant guilty as charged. The court adjudicated the defendant guilty and sentenced him to a term of years in prison.
The defendant filed a motion for new trial. In the motion, the defendant argued that he was “erroneously forced to exercise a peremptory challenge upon a juror [Juror 7] that should have been struck for cause.” The trial court entered an order denying the motion for new trial.
This appeal followed. The defendant argues that the trial court erred in denying his cause challenge to Juror 7. As a preliminary matter, we conclude that the defendant preserved this argument for appeal pursuant to Trotter v. State, 576 So.2d 691 (Fla.1990). In Trotter, our supreme court stated:
Where a defendant seeks reversal based on a claim that [the defendant] was wrongfully forced to exhaust [the defendant’s] peremptory challenges, [the defendant] initially must identify a specific juror whom [the defendant] otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and. whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after [the defendant’s] peremptory challenges had been exhausted.
Id. at 693 (footnotes omitted). Applying Trotter here, the defense identified Juror 4 *948 as the juror whom he otherwise would have struck peremptorily had he not been wrongfully forced to exhaust his peremptory challenges due to the court’s denial of his cause challenge on Juror 7. Juror 4 became an individual who actually sat on the jury and whom the defendant objected to after his peremptory challenges had been exhausted. Thus, the defendant preserved his argument for appeal pursuant to Trotter.
Having concluded that the defendant preserved his argument for appeal, we turn to the merits. Specifically, we consider whether the trial court abused its discretion in denying the defendant’s cause challenge to Juror 7. See Franqui v. State, 804 So.2d 1185, 1191 (Fla.2001) (“The trial court has the duty to decide if a challenge for cause is proper, and its ruling will be sustained on appeal absent an abuse of discretion.”) (citations omitted). An abuse of discretion in the denial of a cause challenge occurs when the record reveals a reason to doubt the potential juror’s impartiality. Ranglin v. State, 55 So.3d 744, 746 (Fla. 4th DCA 2011) (citation omitted).
We conclude that the trial court erred in denying the defendant’s cause challenge to Juror 7. We base our conclusion on our previous holding and reasoning in Denson v. State, 609 So.2d 627 (Fla. 4th DCA 1992).
In Denson, the trial court denied a defendant’s challenge for cause to a juror who was an assistant state attorney and the supervisor of the assistant state attorney actually trying the case against the defendant. Id. at 628. We held that “it was error to do so, as it not only conflicts with the statutory grounds for disqualification and challenges for cause, but it tends to impair the integrity of the judicial process to believe that a ‘fair and impartial jury’ as required by the constitution could include the attorney for the state in whose name the charges against a defendant are instituted.” Id. We reasoned:
Surprisingly, the statutes governing disqualification do not expressly prohibit attorneys of parties involved in litigation from sitting on juries who will try the particular case. However, section 40.013(3), Florida Statutes (1991) states that “No person interested in any issue to be tried therein shall be a juror in any cause.” Certainly, the attorney representing the state is “interested in any issue to be tried.” Each assistant state attorney upon appointment is required to take an oath that she will faithfully perform the duties of assistant state attorney, section 27.181(2), Florida Statutes (1991), including the prosecution of all criminal informations and indictments. Thus, they are all attorneys for the state, the party in interest in the prosecution of the [defendant]. Each assistant state attorney serves at the pleasure of the elected state attorney in whose name all informations are filed, including the one in this case. The state attorney has the power to hire, fire, and set the salary of each assistant. This is sufficient interest to warrant disqualification.
[[Image here]]
While the assistant state attorney here stated that she could be a fair juror, that assurance is not determinative of the question, but the trial court must look at all of the evidence before it. Here, the prospective juror was the supervisor of the assistant state attorney trying the case, and one of her duties was to evaluate her performance. Also, as noted above, she was an employee at will of [the] State Attorney ... in whose name all prosecutions are brought....
Not only for the reasons cited above but also for the integrity of the judicial *949 process and the guarantee of the defendant’s constitutional right to trial by a fair and impartial jury, we hold that it is error to fail to excuse from jury service an assistant state attorney from the very office charged with prosecuting a defendant.
Id. at 628-29 (emphasis added; internal citations omitted). Denson’s holding and reasoning apply equally here.
The state, in support of affirmance, raises four arguments: (1) Denson is distinguishable on its facts from the instant case; (2) the Florida Legislature has not enacted a law disqualifying as jurors all assistant state attorneys from the prosecuting office; (3) Juror 7’s responses indicated she could render a verdict based solely on the evidence and the court’s instructions on the law; and (4) the record fails to establish that Juror 4 was an objectionable juror. These arguments are unpersuasive. We address each in turn.
First, we acknowledge that Denson is distinguishable on its facts from the instant case. As the state points out, unlike the potential juror in Denson, Juror 7 had been an assistant state attorney for only two months, was not a supervisor of the prosecutor trying the case, did not know the prosecutor trying the case, and was not employed in the division prosecuting the case. However, those distinguishing facts do not overcome our primary reasoning in Denson, that each assistant state attorney in an office charged with prosecuting a defendant has a sufficient interest to warrant disqualification from that defendant’s jury pursuant to section 40.013(3), Florida Statutes (2012). We stand by that reasoning here.
Second, we acknowledge that the Florida Legislature has not enacted a law disqualifying as jurors all assistant state attorneys from the prosecuting office. However, our holding in Denson, that it is error to fail to excuse from jury service an assistant state attorney from the very office charged with prosecuting a defendant, continues to have force and effect. Cf. Aurora Grp., Ltd. v. Dep’t of Revenue, 487 So.2d 1132, 1133 (Fla. 3d DCA 1986) (“It is ... clear that the common law shall have continuing force and effect where the Legislature has not acted to change it.”).
Third, we acknowledge that Juror 7’s responses, as quoted earlier in this opinion, indicated she could render a verdict based solely on the evidence and the court’s instructions on the law. Such responses generally would satisfy the test for determining juror competency, that is, “whether the juror can lay aside any bias or prejudice and render [a] verdict solely upon the evidence presented and the instructions on the law given ... by the court.” Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). However, as we stated in Denson, “that assurance is not determinative of the question.” 609 So.2d at 628. Like the juror’s assurances in Denson, Juror 7’s assurances do not overcome our conclusion that each assistant state attorney in an office charged with prosecuting a defendant has a sufficient interest to warrant disqualification from that defendant’s jury pursuant to section 40.013(3), Florida Statutes (2012).
Fourth, we acknowledge that the record fails to establish that Juror 4 was an objectionable juror per se. The reasons which the defense provided in support of its request for an additional peremptory challenge, to strike Juror 4 — that he “gave off a lot of negative body language” and “didn’t really have an opinion” on legal issues, etc. — may not have sufficed if such reasons had been provided in an attempt to defeat a Melbourne objection to a peremptory challenge. See Dorsey v. State, 868 So.2d 1192, 1199 (Fla.2003) (“[T]he *950 proponent of a strike based on nonverbal behavior may satisfy its burden of production of a race-neutral reason during the second step of the process described in Melbourne only if the behavior is observed by the trial court or otherwise has record support.”). However, the defense was not attempting to defeat a Melbourne objection. The defense was requesting an additional peremptory challenge. In the latter situation, it is not necessary for the challenging party to explain why the juror was objectionable; rather, the challenging party merely has to identify the juror as objectionable to them. See Shannon v. State, 770 So.2d 714, 716 (Fla. 4th DCA 2000) (“Neither Trotter, nor any other authority cited by the state, requires an explanation as to why the juror who sat was objectionable. Nor should an explanation be required since a peremptory challenge is, by definition, a challenge that need not be supported by any reason, although a party may not use such a challenge in a way that discriminates against a protected minority.”) (citation and quotations omitted). Thus, the defendant met his burden under Trotter merely by identifying Juror 7 as the potential juror whom he sought to strike with the additional peremptory challenge.
In sum, because the trial court erred in denying the defendant’s cause challenge to Juror 7, we reverse the defendant’s conviction and sentence, and remand for a new trial.

Reversed and remanded for a new trial.

WARNER and CIKLIN, JJ, concur.