# Third District Court of Appeal

## State of Florida

Opinion filed October 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-830
Lower Tribunal No. 19-36083
_____

## James B. Pirtle Construction, Co., Inc.,
Petitioner,

vs.

## Warren Henry Automobiles, Inc.,
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Peckar & Abramson, P.C., and Adam P. Handfinger and Stefanie A. Salomon, for petitioner.

The Soto Law Group, P.A., and Oscar E. Soto and Andrew V. Cobbe (Fort Lauderdale), for respondent.

Carlton Fields, P.A., and Sylvia H. Walbolt, Wm. Cary Wright and Nathaniel G. Foell (Tampa), for South Florida Associated General Contractors, as amicus curiae.

Haber Law, P.A., and Christopher Utrera, for Oleta Partners, LLC, as amicus curiae.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

HENDON, J.

James B. Pirtle Construction Company, Inc. ("Pirtle") files this petition for writ of certiorari seeking to quash a February 28, 2021, order discharging Pirtle's claim of lien against Warren Henry Automobile, Inc. ("WHA"), and dismissing Count 1 of its Amended Counterclaim. We grant the petition for writ of certiorari and quash the trial court's order discharging Pirtle's claim of lien and dismissing Count I of the Amended Counterclaim.

Facts

The City of North Miami ("City") owns certain real property known as Biscayne Landing located at 2300 NE 151 Street in North Miami (the "Property"). In May 2012, the City leased the property to Oleta Partners, LLC ("Oleta") as a sub-landlord. In June 2015, Oleta entered into a Ground Sublease with WHA for a portion of the Property in order for WHA to construct and operate an automobile dealership and ancillary uses (the "Leasehold Interest"). In December 2016, WHA subsequently assigned the Ground Sublease to CARS-DB4, L.P. ("CARS"). In that agreement, CARS conveyed a leasehold interest in the Property to WHA who effectively

2

became a lower-tier sub-sub-tenant to CARS. In May 2017, WHA and Pirtle entered into an agreement in which Pirtle agreed to furnish certain labor, services, and materials for the construction of improvements to WHA's dealership construction project (the "Contract").

Disagreements ensued, and WHA and Pirtle filed their respective claims against each other. In January 2020, Pirtle filed and recorded an amended claim of lien ("Claim of Lien") against WHA's leasehold interest in the amount of $4,818,455.63, exclusive of certain additional amounts due under Pirtle's Contract with WHA. In May 2020, WHA arranged for the transfer and recordation of Pirtle's Claim of Lien to a surety bond. Pirtle then filed its amended counterclaim and asserted a count for Action to Enforce Lien Transferred to Bond (Count I), seeking to enforce the claim of lien against the lien transfer bond. WHA then filed an amended petition to discharge Pirtle's Claim of Lien and moved to dismiss Count I of Pirtle's amended counterclaim, which Pirtle opposed.

In January 2021, the court held a hearing on the motion, and subsequently discharged Pirtle's Claim of Lien and dismissed Count I of its amended counterclaim. The trial court denied Pirtle's motion for rehearing and reconsideration. Pirtle then filed this petition for writ of certiorari.

## Standard of Review

A petition for writ of certiorari is the appropriate vehicle to seek review of an order granting a motion to vacate a lien. Dracon Constr., Inc. v. Facility Constr. Mgmt. Inc., 828 So. 2d 1069, 1070 (Fla. 4th DCA 2002). "A party seeking certiorari review must demonstrate (1) that the contested order results in material injury in the proceedings that cannot be corrected on post-judgment appeal and (2) that the order departs from the essential requirements of the law." Valencia v. PennyMac Holdings, LLC, 317 So. 3d 178, 180 (Fla. 3d DCA 2021) (quoting Piquet v. Clareway Props. Ltd., 314 So. 3d 423, 427 (Fla. 3d DCA 2020)).

## Discussion

We first consider whether Pirtle has demonstrated irreparable harm that cannot be corrected post-judgment. The trial court's order discharging Pirtle's Claim of Lien against WHA irreparably harms Pirtle by depriving it of its security to recover any alleged losses from WHA. Losing the benefit of a recovery under a bond on a claim to enforce a lien constitutes the type of irreparable harm necessary to entitle a party to certiorari relief. See Farrey's Wholesale Hardware Co. v. Coltin Elec. Servs., LLC, 263 So. 3d

4

168, 179 (Fla. 2d DCA 2018) (citing Gator Boring & Trenching, Inc. v. Westra Constr. Corp., 210 So. 3d 175, 184 (Fla. 2d DCA 2016)).

We next consider whether the trial court's order departs from the essential requirements of law when it concluded that that Pirtle's Claim of Lien encumbers the Property itself and the City's fee simple ownership of the Property, rather than WHA's leasehold interest. We conclude that Pirtle's Claim of Lien can only exist against WHA's leasehold interest and therefore the trial court's misapplication of chapter 713 amounts to a departure from the essential requirements of law.

WHA contends that the lower court correctly interpreted the plain language of section 713.02(3), Florida Statutes, which states in pertinent part, "[p]ersons in privity with an owner and who perform labor or services or furnish materials constituting an improvement . . . shall have rights to a lien on real property as provided in § 713.05." WHA's motion below cited to section 713.05, which states that a "contractor who complies with the provisions of this part shall . . . have a lien on the real property improved . . . ." WHA argues that according to these statutory provisions, lien rights can only extend to "real property," as defined in section 713.01(26). Section 713.01(26) defines "real property" as "the land that is improved and the improvements thereon, including fixtures, except any such property owned

5

by the state or any county, municipality, school board, or governmental agency, commission, or political subdivision." Thus, WHA argues, Pirtle's claim of lien was properly discharged because it was attempting to lien property exempt from the definition of "real property" i.e., property owned by a municipality. The trial court agreed and based the lien discharge on this analysis.

Pirtle's claim of lien can only be against WHA's leasehold interest, not the physical Property. This is so because WHA has no ownership interest in the Property. WHA leases the Property as a sub-sub-lessee and only for the purpose of constructing and operating an auto dealership which will generate revenue up the lease chain. WHA's reliance on section 713.02(3) is misplaced. That section states "[p]ersons in privity <u>with an owner</u> shall have rights on real property. . . ." (emphasis added). Section 713.02(3) applies only to those situations where the lienor is in privity with the owner. Here, Pirtle is not in privity with the owner, the City of North Miami. Pirtle's agreement to perform construction services was with a sub-subtenant, WHA, which is a subtenant to Oleta, which is the only entity in privity with the owner, the City of North Miami.

At common law, a leasehold interest was considered a type of personal property, not realty. <u>See</u> <u>Aurora Grp., Ltd. v. Dep't of Revenue</u>,

6

487 So. 2d 1132 (Fla. 3d DCA 1986). This concept is incorporated into section 713.11, Florida Statutes, titled, "Liens for improving land in which the contracting party has no interest." In this section, Florida's construction lien law explicitly states that "[w]hen the person contracting for improving real property has no interest as owner in the land, <u>no lien shall attach to the land</u> . . . ." § 713.11, Fla. Stat. (2021) (emphasis added).[1] Further, section 713.10, Florida Statutes (2021), provides:

> (1) Except as provided in s. 713.12,[2] a lien under this part <u>shall extend to, and only to, the right, title, and interest of the person who contracts for the improvement</u> as such right, title, and interest exists at the commencement of the improvement or is thereafter acquired in the real property. When an improvement is made by a lessee in accordance with an agreement between such lessee and her or his lessor, the lien shall extend also to the interest of such lessor.

(Emphasis added). States and municipalities lease public property to private tenants in order to operate their facilities (e.g., parks, airports), and contractors doing work for those tenants have lien rights not on the property, but on the leasehold interest of that tenant.

---

[1] The parties were afforded an extensive hearing and yet the record indicates that the petitioners did not once refer section 713.11 to the trial judge.

[2] Inapplicable here, section 713.12 is titled: Liens for improving real property under contract with husband or wife on property of the other or of both.

Finally, the Memorandum of Ground Lease between Oleta and the City explicitly satisfied each and every one of the elements identified in section 713.10[3] so as to protect the City from any mechanic's liens. The Ground Lease contains the following language:

---

[3] Section 713.10, Florida Statutes (2020) provides:

(2)(a) When the lease expressly provides that the interest of the lessor shall not be subject to liens for improvements made by the lessee, the lessee shall notify the contractor making any such improvements of such provision or provisions in the lease, and the knowing or willful failure of the lessee to provide such notice to the contractor shall render the contract between the lessee and the contractor voidable at the option of the contractor.

(b) The interest of the lessor is not subject to liens for improvements made by the lessee when:

1. The lease, or a short form or a memorandum of the lease that contains the specific language in the lease prohibiting such liability, is recorded in the official records of the county where the premises are located before the recording of a notice of commencement for improvements to the premises and the terms of the lease expressly prohibit such liability; or

2. The terms of the lease expressly prohibit such liability, and a notice advising that leases for the rental of premises on a parcel of land prohibit such liability has been recorded in the official records of the county in which the parcel of land is located before the recording of a notice of commencement for improvements to the premises.

> Neither [Oleta] nor anyone claiming by, through or under [Oleta] including, without limitation, contractors, subcontractors, materialmen, mechanics and laborers, shall have any right to file or place any construction, materialmen's or other liens of any kinds whatsoever upon [City's] interest in the [Property] or any portion thereof; on the contrary, any such liens are specifically prohibited and shall be null and void and of no force or effect.

Id. This language clearly satisfies section 713.10(2)(b), exempting the City's interest in the Property from any sort of lien claim. Thus, Pirtle's Claim of Lien could not have subjected the real property owned by the City to a claim of lien – contrary to the trial court's order. Reading chapter 713 as a whole and in context of the Contract between WHA (as sublessor to Oleta) and Pirtle, and the Memorandum of Agreement between the City and Oleta, Pirtle's Claim of Lien is against WHA's leasehold interest, not against the Property.

We therefore grant Pirtle's petition for writ of certiorari and quash the order below discharging Pirtle's claim of lien and dismissing Count I of the Amended Counterclaim.

Petition granted, order quashed.

9