GARRETT, Judge.
Appellant seeks a new trial because the jury foreman was the step father of one of the state witnesses. We reverse and remand for a new trial.
During voir dire, a prospective juror, C.E. Harvey, informed the court that his step son was one of the police officers on the state’s witness list.- He also mentioned that he had a second son in law enforcement. The trial judge denied defense counsel’s motion to excuse Mr. Harvey for cause. Out of peremptory challenges, appellant asked for an additional one, but the trial judge refused to grant the request. Mr. Harvey became a member of the jury and its foreman. His step son, the arresting officer, testified at the trial.
Under subsection 913.03(9), Florida Statutes (1987), a prospective juror must be excused if he or she is related within the third degree to the person who made the complaint that led to the prosecution. The state argues that subsection (9) did not apply to the step son since another officer brought the criminal charges. Under subsection 913.03(10), Florida Statutes (1987), a prospective juror must be excused if he or she cannot be impartial. The state argues that Mr. Harvey demonstrated his impartiality when he stated, “I think I’d be fair.” We need not address whether Mr. Harvey should have been excused for cause under either subsection. Instead, we hold that Mr. Harvey should have been excused for cause for the reason expressed by this court in Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985):
[T]he impartiality of the fact finders is an absolute prerequisite to our system of justice. Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.
In order to satisfy the appearance of justice, a sworn jury should not include as its foreman, the step father of an officer who testified in the case.
As to the remaining point on appeal, the state concedes that a portion of Officer Mosley’s testimony should have been excluded as hearsay evidence.
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY, J., concurs.
STONE, J., dissents without opinion.