593 So.2d 605 (1992)
Toby Dean CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0224.
District Court of Appeal of Florida, Fourth District.
February 12, 1992.
Richard L. Jorandby, Public Defender and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Toby Dean Chapman, was convicted of armed kidnapping, attempted armed kidnapping, aggravated battery, and aggravated assault, and sentenced to a term of fifteen years in prison on each of Counts I and IV, five years in prison on Count II and life in prison on Count III.
On appeal, Chapman contends the trial court erred 1) in denying the challenge for cause of a juror who expressed doubts about being able to be fair and impartial, 2) in overruling objections to the collateral crime evidence adduced by the state and 3) in departing from the guidelines in imposing sentence.
In finding that reversible error was committed in the jury selection process, we obviate the necessity to fully treat the other two points. However, in passing, we simply mention that appellant's attack upon the collateral crime evidence adduced appears worthy of consideration by the state if this case is to be retried.
Juror Owens stated during voir dire examination of the jury that her mother had been murdered during a convenience store robbery when Owens was eight years of age. Thereafter, under questioning by counsel, she acknowledged that evidence to be adduced regarding weapons used in the present case probably would detract from her ability to be a fair and impartial juror based upon her mother's experience. She could not explain how that would cause her to be biased but admitted it was a concern she had in her mind. When asked if that experience was so traumatic that it would cause her somehow to be more inclined to convict in this case, she answered, "I don't think it would be  I don't know." Finally, when counsel said there may be evidence of a violent nature towards another person, Ms. Owens answered, "Then it may. That's true, it may." The antecedent to which that answer appears to relate is whether the memory of that experience *606 would adversely affect her attitude toward the defendant. The trial judge, in denying the defendant's motion to strike her for cause, said, "Mrs. Owens, I think could be  you know, she could be a  a good juror. She indicated she would try." Appellant thereupon exercised a peremptory challenge to excuse Ms. Owens. Later, after exhausting all of his peremptory challenges, appellant's request for an additional peremptory challenge was denied.
It is apodictic that the trial court exercises a broad discretion in jury selection matters. Cook v. State, 542 So.2d 964 (Fla. 1989). The test for determining juror competency is whether a prospective juror can lay aside any prejudice or bias and decide the case based solely on the evidence and the court's instructions. Pentecost v. State, 545 So.2d 861 (Fla. 1989). It appears that the legal standard to be applied in this situation is whether there is a reasonable doubt about the ability of the juror to decide the case fairly and impartially. Polynice v. State, 568 So.2d 1346 (Fla. 4th DCA 1990). As we said in Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985):
However, the impartiality of the finders of fact is an absolute prerequisite to our system of justice. Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.
The question is close in this case. However, the colloquy with counsel creates a reasonable doubt as to Ms. Owens' ability to be impartial. Thus, it appears that Ms. Owens should have been excused for cause and appellant not required to use one of his peremptory challenges to excuse her. Accordingly, we reverse the judgment of conviction and sentence and remand for a new trial.
ANSTEAD and STONE, JJ., concur.