PER CURIAM.
Appellant initially was charged by information with (1) armed attempted kidnapping, (2) aggravated assault, (3) armed kidnapping, and (4) aggravated battery. While all four offenses allegedly occurred on the same day, counts one and two involved a different incident and a different victim than counts three and four. After a jury trial, appellant was convicted of all four offenses. However, in Chapman v. State, 593 So.2d 605 (Fla. 4th DCA 1992), this court reversed appellant’s convictions due to the trial court’s failure to grant his challenge for cause to a prospective juror who indicated that she would not be able to be fair and impartial.
On remand, appellant was tried separately for the two incidents. He claims harmful error in one trial and in his sentencing, which took place at one hearing after both trials had resulted in convictions for the above charges.
We reject appellant’s claim of harmful error in trial and affirm all of his convictions. However, we agree the trial court erred in that (1) the record fails to indicate the trial court utilized a guidelines scoresheet for any of the sentences, and (2) the trial court failed to enter a written departure order. Accordingly, we reverse all of the sentences and remand for resentencing within the guidelines upon completion and consideration of a guidelines scoresheet.
GLICKSTEIN and KLEIN, JJ., and GROSS, ROBERT M., Associate Judge, concur.