PER CURIAM.
Appellant’s first appeal resulted in a retrial. Chapman v. State, 593 So.2d 605 (Fla. 4th DCA 1992). On his second appeal, his convictions following retrial were affirmed, but his sentence was reversed. Chapman v. State, 625 So.2d 133 (Fla. 4th DCA 1993).
In this, appellant’s third appeal, he asserts that the trial court erred in assessing the following costs as special conditions of probation: $200 for court costs per section 27.3455, Florida Statutes (1989); $200 for public defender fees; $200 for costs of prosecution per section 939.01, Florida Statutes (1989); $50 for the crimes compensation fund pursuant to section 960.20, Florida Statutes (1989); and $5 in contributions to criminal justice funds per section 943.25, Florida Statutes (1989). The total amount of fees and costs is $655.
We affirm in all respects except for two matters which require remand for correction of appellant’s written judgment and order of probation. First, because appellant committed his crimes prior to the effective date of the revised section 960.20, October 1, 1992, he can only be charged $20, rather than the $50 assessed by the trial court in the instant case. Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994).
Second, although the trial court orally assessed costs against appellant, it did not specifically announce that they would be special conditions of probation.[1] On remand, the judgment is to be corrected to reflect these costs are to be assessed against appellant, but not as special conditions of probation.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.

. In response to a question by the clerk as to whether the trial court wished to waive costs, the trial court responded:
No, we got $200 court costs, $200 Public Defender’s fee, and $225, nothing becomes due until 30 days — or 60 — 90 days after his release.
All right, Mr. Chapman, that's the sentence of the Court.