736 So.2d 1260 (1999)
Evelyn JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3885.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
*1261 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was charged with possession of a controlled substance and complains on appeal that the trial judge erred in refusing her challenges for cause as to three prospective jurors. Her challenges were properly preserved for our review. We reverse.
Juror # 1 testified that "I'd like to hear from [defendant], and I kind of feel... if you don't feel you'reyou've got to say so." When asked if he would hold it against defendant if she did not testify, Juror # 1 replied, "[p]ossibly ... I guess I feel they ought to take the stand even to take a chance on lying. And if you're not guilty, you're not guilty." The remaining testimony from this juror did nothing to erase the juror's belief that if defendant did not testify he might hold her lack of testimony against her. Nevertheless in denying defendant's request that Juror # 1 be dismissed for cause, the trial judge stated that he had
"no reasonable doubt whatsoever from watching and listening carefully to every bit of the voir dire, that he has the state of mind that will enable him to render a fair and impartial verdict based solely on the evidence and the law...."
The trial judge did not specify anything apart from demeanor to support his confidence in the juror's impartiality.
Juror # 2 responded "no" when asked if he felt he was capable of serving as a juror. He stated that he thought drug use was immoral. He added, however, that he would be able to set his personal convictions aside, listen to the law as the court explained it, and give James a chance. Defendant moved to dismiss Juror # 2 for cause, and the trial court again found that there was "no reasonable doubt, from watching and listening to all of the voir dire very closely as to [Juror # 2] and [another juror] because they were two guys that I was keeping a close eye on, I have no doubt of his having a state of mind that would enable him to render a fair and impartial verdict if called upon to do so based solely upon the evidence and the law."
Juror # 3 also stated that she thought drug use was immoral and illegal. She indicated it would be difficult for her to put her feelings aside and that she might not be fair to defendant. Although she stated she would have to know the "real facts" before making a determination, she said she had a reasonable doubt about her own ability to be fair to defendant. Nevertheless, the court again stated that it had "no reasonable doubt that [this juror] has the state of mind that will enable her to render a fair and impartial verdict based solely on the evidence and the law." Defendant then peremptorily struck Juror # 3 and later requested additional *1262 challenges to strike two other jurors. The court denied these requests.
While we find no error in the refusal to strike Juror # 2, the record does not support the trial judge's refusal to strike Juror # 1 and Juror # 3. The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court. Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984); Pentecost v. State, 545 So.2d 861, 862 (Fla.1989).
In Singer v. State, 109 So.2d 7 (Fla. 1959), the court repeated with obvious approval a principle from an earlier decision that:
"in criminal cases, whenever, after a full examination, the evidence given upon a challenge leaves a reasonable doubt of the impartiality of the juror, the defendant should be given the benefit of the doubt."
109 So.2d at 23 (quoting from Walsingham v. State, 61 Fla. 67, 56 So. 195, 198 (1911)).
The court applied the Singer principle in Hamilton v. State, 547 So.2d 630 (Fla. 1989). There the defendant argued that a juror betrayed a preconceived opinion of guilt because the juror felt that "it would take evidence put forth by Hamilton to convince her he was not guilty." In reversing for a new trial, the court said:
"Essentially, this juror would require a defendant to prove his or her innocence rather than require the state to prove the defendant's guilt. `A juror is not impartial when one side must overcome a preconceived opinion in order to prevail.' It is clear that the juror did not possess the requisite impartial state of mind necessary to render a fair verdict and thus should have been dismissed from the jury pool. The failure to excuse this juror upon motion deprived Hamilton of his constitutional right to a fair trial, requiring us to reverse the conviction and remand this case for a new trial." [c.o.]
547 So.2d at 633. See also Lowe v. State, 718 So.2d 920, 921 (Fla. 4th DCA 1998).
We have reached similar conclusions on a number of decisions. In Williams v. State, 638 So.2d 976, 978 (Fla. 4th DCA 1994), review granted, 648 So.2d 724 (Fla. 1994), review denied, 654 So.2d 920 (Fla. 1995), for example, we said:
"Because impartiality of the finders of fact is an absolute prerequisite to our system of justice, we have adhered to the proposition that close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality."
638 So.2d at 978. Similarly in Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994), we said:
"We have stated on a number of occasions that, rather than leave doubt as to a juror's impartiality, close cases should be resolved in favor of dismissing the juror."
633 So.2d at 565. We phrased the same idea in Chapman v. State, 593 So.2d 605, 606 (Fla. 4th DCA 1992), thus:
"It appears that the legal standard to be applied in this situation is whether there is a reasonable doubt about the ability of the juror to decide the case fairly and impartially."
593 So.2d at 606. See also Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922, 923 (Fla. 4th DCA 1988) ("Close cases involving challenge to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to his or her impartiality."); Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985) ("Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.").
In this case both jurors indicated difficulties with the presumption of innocence. Neither juror expressly erased in other *1263 questioning the prior statements showing doubts about the presumption of innocence. In fact Juror # 3 frankly conceded that she would have a reasonable doubt about her ability to be fair to defendant. We therefore conclude that the record does not support the trial judge's confidence that both jurors could be fair and impartial and overcome their preexisting feelings that criminal defendants need to explain their innocence. We have no choice but to reverse for a new trial in front of fair and impartial jurors.
REVERSED.
DELL and POLEN, JJ., concur.