765 So.2d 68 (2000)
Michael BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-2547.
District Court of Appeal of Florida, Fourth District.
February 23, 2000.
Richard L. Jorandby, Public Defender, and Susan D. Cline and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING/CLARIFICATION
STEVENSON, J.
We withdraw our opinion of December 8, 1999, and substitute the following in its place.
Appellant, Michael Bryant, was charged with the sexual battery of two of his five children.[1] A jury found him guilty of two counts of sexual battery on a child less than twelve years of age and one count of sexual battery on a child twelve years of age or older by a person in familial or custodial authority, crimes for which he *69 received life sentences. Bryant raises a number of issues on appeal; however, we need reach only the first, the trial court's refusal to strike a juror for cause. We find merit in Bryant's claim that such refusal was error, reverse his convictions, and remand for a new trial.
Because we conclude that the juror at issue should have been stricken for cause despite his last-minute pledge that he could be fair, it is necessary to set forth at length the responses that the juror gave during voir dire to demonstrate the context in which these assurances of fairness were made:
Court: Mr. Green, what do we need to know about your situation?
Green: Situation is I can see one or two counts but there's five. There's five different charges.
Court: Well, yes.
Green: Different times this happened.
Court: Well, that's what the accusations are.
Green: Okay.
Court: You understand the man's been accused?
Green: Is this a father or a guardian or is this a friend?
Court: Does that mean any, make any difference to you?
Green: Yeah, it does.
Court: Okay, we need to know why that would make a difference to you.
Green: As a father or a guardian I would say the man needs help. It happened in my family growing up, to my two sisters, so right off the bat I've got him guilty.
Court: Okay do you understand that because somebody is charged under our law they are presumed innocent?
Green: Right, until proven guilty.
Court: That's right, correct. Are you not willing to follow that?
Green: It would be hard for me to do that. (emphasis added).
At this point, the court asked "objections," seeking a determination as to whether counsel had any objections to her excusing Green.[2] Defense counsel apparently misunderstood and believed that the judge was asking whether he had any objection to Green sitting as a juror; accordingly, defense counsel indicated that he objected.
As a result, further questions were posed to Green.
Defense: As you sit right now are you prejudiced against the defendant because of the allegations?
Green: No, sir.
Defense: Well, are you biased that if you, your feelings are now that you're against anyone who's charged with these offenses?
Green: This is a kid. I feel like, you know, they could go find somebody else to do it, not molest a kid. It's a child, you're damaging that child for the rest it [sic] of its life.
Defense: The fact children are involved in this case you feel that 
Green: That I would be biased. Yes, I would.
Defense: I object, Your Honor.
State: Well, sir, let me, and believe me I'm not trying to put words in your mouth but I want you to understand that I as a prosecutor, it's pretty easy for me to type up a piece of paper and say I excuse [sic] you of X Y Z. The sticking point comes when I have *70 to come into court proving the only thing that's happened to this gentleman now is I've typed up a piece of paper that says I think he did these crimes and he's presumed innocent just like anybody. Would you be, because people are found guilty everyday and people are found not guilty everyday we're just looking for people to give him 
Green: A fair shake.
State: Yes, not to say that child abuse isn't disgusting, it is, but to say, okay, now this person moves from normal citizen to, you know, criminal. Right now he's a normal citizen. Would that make any difference that you're presuming him innocent A and B that it's real easy for me to bring charges against anybody?
Green: Proof but five times, five different times this happened.
State: But it's up to you to say five times, yes, or five times, no.
Green: Is the kid going to be in the courtroom? Is she going to be put up on the 
Court: Yes.
State: Maybe you believe her, maybe you don't, maybe you look her, at her and say I don't believe anything you're saying. I mean, that's your job as the fact finder to say yes. You can he's guilty of this heinous crime or no, they're all lying.
Court: Do you think you can make a fair decision on the evidence presented in this case?
Green: Yes, ma'am.
Court: Okay. When we first started you didn't think you could be, so I need to 
Green: No, no, because it was a child.
Court: It's still going to be a child.
Green: I know it, but that just gets me, five times, that's what I don't understand.
Court: All right.
Green: I mean, one, two, why didn't somebody catch it on the second time or, I mean, she-
Court: I understand you have a lot of questions about it and I don't know even what the State is going to be presenting as far as evidence, so I can't answer you. I do know that, you know, that the charges are there. Are you going to be able to set aside your feelings that this is involving a child and maybe somebody should have stopped it or caught it or whatever?
Green: Right, but the mom, where was the mom?
Court: Okay, that's the problem, we can't, you know, you have some valid concerns but they're not within the contempt [sic] of the trial so that's what I need to know, can you set aside those other concerns?
Green: Yes, ma'am.
Court: And just be able to make a decision on what's presented to you as far as whether or not the State proves beyond a reasonable doubt that this person who is accused did this at such and such a date, whatever it is?
Green: Okay, I could do that.
Court: Are you sure you can do that?
Green: Yes, ma'am. (emphasis added).
When the misunderstanding between defense counsel and the trial judge was cleared up, defense counsel sought to have Green stricken expressing his concern that if Mr. Green was having difficulty accepting the notion of five accusations "this guys head will be spinning" when he realizes the allegations are going to be that it happened sixty times. The trial judge, however, refused to strike Green, pointing *71 to the fact that, by the time defense counsel clarified himself, in response to further questioning, Green indicated that he could put aside his feelings and make a decision on the evidence. Questioning of the venire continued. At several points thereafter, Green indicated that he could think of no reason why he could not be fair and that he understood that the defendant had no burden.
At the conclusion of the questioning of the venire, when the trial court requested counsels'"for cause" challenges, defense counsel again sought to strike Juror F. Green. The trial court denied his request. Bryant contends that this refusal amounts to reversible error. While we recognize the deference afforded trial judges in this area of the law, see Perea v. State, 657 So.2d 8, 9 (Fla. 3d DCA), review denied, 663 So.2d 632 (Fla.1995), we are compelled to agree.
In assessing a juror's competence, the test is "`whether the juror can lay aside any bias or prejudice and render his [or her] verdict solely upon the evidence presented and the instructions on the law given to him [or her] by the court.'" Turner v. State, 645 So.2d 444, 447 (Fla.1994)(quoting Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984)). If there is any reasonable doubt about the juror's ability to be impartial, he should be excused. See id. "`Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.'" Chapman v. State, 593 So.2d 605, 606 (Fla. 4th DCA 1992)(quoting Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985)).
Here, it is true that in the end Juror F. Green indicated that he would hear the evidence before rendering a decision, that he understood that the defendant had no burden of proof, and that he could render a fair decision. These responses prompted by questions from the judge are simply insufficient to do away with the doubt cast upon Green's partiality as the result of his earlier free-spoken expressions of bias, his emotionally charged response to the charges, and his candid remark that "right off the bat I've got him guilty." See Williams v. State, 638 So.2d 976, 979 (Fla. 4th DCA 1994)("A juror's subsequent statements that he or she could be fair should not necessarily control the decision to excuse a juror for cause, when the juror has expressed genuine reservations about his or her preconceived opinions or attitudes."), review denied, 654 So.2d 920 (Fla.1995). As the failure to strike a juror for cause is not subject to a harmless error analysis, we reverse and remand for a new trial. See, e.g., Ferrell v. State, 697 So.2d 198, 199-200 (Fla. 2d DCA 1997); Street v. State, 592 So.2d 369, 372 (Fla. 4th DCA), review denied, 599 So.2d 658 (Fla.1992).
REVERSED and REMANDED.
GUNTHER and KLEIN, JJ.
NOTES
[1] The original opinion indicated that appellant was charged with sexual battery on three of his five children. In fact, he was charged with sexual battery on two of his children in this case and with sexual battery upon another of his children in a separate case, which was the subject of a motion for consolidation with this case but was eventually nolle prossed by the State.
[2] Prior to jury selection, the trial judge set the ground rules, explaining that if she asked for any objections after her preliminary questioning of a particular juror, that meant she was going to excuse the juror and "whatever they've told me I'm ready to let them go." If counsel objected to excusing the juror, additional questions would be permitted.