755 So.2d 737 (2000)
Edward Charles BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1369.
District Court of Appeal of Florida, Fourth District.
March 29, 2000.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Appellant's conviction and sentence for robbery with a deadly weapon while masked. With respect to the primary issue raised, we conclude that the trial court acted within its discretion in denying several defense challenges for cause.
During voir dire, prospective juror Stewart revealed that her niece was murdered in 1983. The prosecutor asked Ms. Stewart whether this experience would affect her ability to be fair and impartial:
[PROSECUTOR]: Anything about that experience 
MS. STEWART: No.
[PROSECUTOR]:that would affect your ability to be fair in this case?
MS. STEWART: I could try to be impartial but 
[PROSECUTOR]: Are we talking about July 26, 1983?
MS. STEWART: Yes.
[PROSECUTOR]: This certainly is not related in any way to that, but would you be able to be a fairI know it was a personal tragedy to the community, as well.
MS. STEWART: I'm sorry.
[PROSECUTOR]: But will you be able to put that status aside and be able to evaluate this case?
MS. STEWART: I would certainly try.
*738 Defense counsel attempted to remove Ms. Stewart for cause based on her inability to be fair and impartial. The court denied the request.
Defense counsel also attempted to remove prospective juror Borzell for cause. Under questioning by the prosecutor, Ms. Borzell revealed that she had been the victim of several different crimes: two of her cars were stolen, her house was burglarized, she was the victim of a purse snatching, and her brother-in-law was murdered. The prosecutor asked Ms. Borzell whether these experiences would affect her ability to be fair. She responded, "I don't think so." The prosecutor also asked Ms. Borzell whether she could give Appellant a fair trial. Ms. Borzell responded, "I think so." Defense counsel subsequently requested the trial court to remove Ms. Borzell for cause, emphasizing that her status as a "multiple crime victim" raised a reasonable doubt as to her ability to be fair and impartial in a criminal case. The request was denied.
In Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984), the supreme court recognized that the test for determining jury competency is "whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." Deciding whether a prospective juror meets the Lusk test is within a trial court's discretion, based upon what the court hears and observes. See Smith v. State, 699 So.2d 629, 635-36 (Fla. 1997). As the competency of a juror challenged for cause presents a mixed question of law and fact, the trial court's determination will not be overturned in the absence of manifest error. See id. at 636; Mills v. State, 462 So.2d 1075, 1079 (Fla.1985).
This court has recognized that, when challenged, a juror's ability to be fair and impartial must appear in the record. See, e.g., Chapman v. State, 593 So.2d 605 (Fla. 4th DCA 1992). In Chapman, a prospective juror stated during voir dire examination that her mother had been murdered during a convenience store robbery when she was a child. Acknowledging that the case involved charges of armed kidnapping, attempted armed kidnapping, aggravated battery, and aggravated assault, the juror admitted that "evidence ... regarding weapons used in the present case probably would detract from her ability to be a fair and impartial juror based upon her mother's experience." Id. at 605 (emphasis supplied). The juror also stated that the memory of her mother's experience "may" adversely affect her attitude toward the defendant. Id. at 605-06 (emphasis supplied). Finally, when asked whether the experience was so traumatic that it would cause her somehow to be more inclined to convict, the juror responded, "I don't think it would be-I don't know." Id. at 605 (emphasis supplied). Although recognizing that the question was close, this court found the juror should have been removed for cause because her responses created a reasonable doubt as to her ability to be impartial. Id. at 606.
Here, Appellant contends that the failure to strike juror Stewart for responses to the state inquiries that "I could try," and "I would certainly try," and juror Borzell for answering that she "didn't think" she would be unfair, mandate per se reversal, as a trial court's abuse of discretion. In matters regarding jury selection, a trial judge is best positioned to observe a prospective juror's demeanor and credibility. See Lambrix v. State, 494 So.2d 1143, 1146 (Fla.1986).
We recognize that this court has consistently acknowledged that a juror should be dismissed for cause where there is reasonable doubt as to his or her impartiality. See, e.g., James v. State, 736 So.2d 1260 (Fla. 4th DCA 1999); Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994); Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985). Nevertheless, we conclude that the trial court had discretion to decide that the prospective jurors' responses did not create a reasonable doubt as to their *739 ability to be impartial, either as to the evidence to be presented, or as to following instructions on the law. As to the other issues raised, we find no reversible error. We, therefore, affirm Appellant's conviction and sentence.
WARNER, C.J. and HAZOURI, J., concur.