821 So.2d 1150 (2002)
Mainon RODAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3410.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
Rehearing Denied August 13, 2002.
*1151 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Mainon Rodas appeals his judgment of conviction and sentence for second degree murder. His sole contention on appeal is that the trial court erred in denying his challenges for cause to two jurors. We agree and reverse.
During jury selection, appellant attempted to strike two jurors for cause, Reynolds and Hall, based on comments which indicated that they had a preconceived opinion of appellant's guilt and would not presume his innocence of the charged crime. The following exchange occurred when defense counsel was questioning Reynolds:
MR. GOODMAN (Defense Counsel): Miss Reynolds, how would you have to vote right now?
JUROR REYNOLDS: Without hearing any evidence? Is that what you're asking me?
MR. GOODMAN: Yes.
JUROR REYNOLDS: Without hearing anything?
MR. GOODMAN: Without hearing the State
JUROR REYNOLDS: Well, he should be guilty of something, they caught him, right? He's there. Basically he
MR. GOODMAN: So you think because some-you think because someone was arrested
JUROR REYNOLDS: Well, he'd be innocent until proven guilty, but

*1152 MR. GOODMAN: But do you think because
JUROR REYNOLDS: You know.
MR. GOODMAN: He washe's on trial here he must have done something? That's a yes?
JUROR REYNOLDS: Yeah.
MR. GOODMAN: And are you thinking thatyou think you'd be thinking thatdo you think that would be back in the back of your mind going to trial?
JUROR REYNOLDS: Well, I would listen to the evidence, but
MR. GOODMAN: But do you think that would be influencing your decision?
JUROR REYNOLDS: No, I never been on [sic] this situation. I don't know how I'd feel.
MR. GOODMAN: But you're notdo you think it might influence your decision?
JUROR REYNOLDS: I don't know.
MR. GOODMAN: Do you think the fact that he's on trial and got caught may make you less fair and impartial?
JUROR REYNOLDS: Oh, I'd try to be fair.
MR. GOODMAN: But could you guarantee Mr.
JUROR REYNOLDS: No, I can't guarantee nothing.
MR. GOODMAN: Myself and this Court and Mr. [Rodas]you can't guarantee that?
JUROR REYNOLDS: No, I can't.
Juror Hall similarly stated that he might have difficulty laying aside his opinion of appellant's guilt throughout the trial.
During jury selection, defense counsel moved to strike Reynolds and Hall for cause. Concerning Hall, he pointed toward the juror's belief "that because Mr. [Rodas] was [on trial] he must have done something wrong." The state objected that this was not a proper basis for a cause challenge, arguing that "A lot of people think that." The trial court agreed with the prosecutor, stating:
Okay. I always have a little problem when that's a question that is asked, if they are here they must have done something wrong, when you could always say that they were at the wrong timeat the wrong place at the wrong time, which would go through a lot of people's minds ... I don't think that what he said rose to the level of a challenge. So I'll deny the challenge.
The court also denied the cause challenge as to Reynolds. Appellant then used two of his ten peremptory challenges to excuse these jurors. When he had used all ten of his peremptories, defense counsel requested more and identified a juror, Walker, upon whom he would have used a peremptory had he not already used them on jurors Reynolds and Hall. The court denied this request. Appellant renewed his objection before the jury was sworn.
The test for juror competency is well established. See Franqui v. State, 804 So.2d 1185, 1191 (Fla.2001); Kearse v. State, 770 So.2d 1119, 1127 (Fla.2000); Lusk v. State, 446 So.2d 1038, 1041 (Fla. 1984); Brown v. State, 755 So.2d 737, 738 (Fla. 4th DCA 2000). In Lusk, the supreme court explained that this test entails determining "whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." 446 So.2d at 1041. As we explained in Brown:
Deciding whether a prospective juror meets the Lusk test is within a trial court's discretion, based upon what the court hears and observes. See Smith v. State, 699 So.2d 629, 635-36 (Fla.1997). As the question of juror competency presents a mixed question of law and *1153 fact, the trial court's determination will not be overturned in the absence of manifest error. See id. at 636; Mills v. State, 462 So.2d 1075, 1079 (Fla.1985).
755 So.2d at 738.
"The trial court standard for granting an excusal for cause is based on reasonable doubt: `The juror should be excused if there is any reasonable doubt about the juror's ability to render an impartial verdict.'" Kessler v. State, 752 So.2d 545, 550 (Fla.1999)(quoting Turner v. State, 645 So.2d 444, 447 (Fla.1994)). "`Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.'" Bryant v. State, 765 So.2d 68, 71 (Fla. 4th DCA 2000)(quoting Chapman v. State, 593 So.2d 605, 606 (Fla. 4th DCA 1992)). When making this determination, the court must acknowledge that a "juror's subsequent statements that he or she could be fair should not necessarily control the decision to excuse a juror for cause, when the juror has expressed genuine reservations about his or her preconceived opinions or attitudes." Williams v. State, 638 So.2d 976, 979 (Fla. 4th DCA 1994).
Prospective jurors who have expressed doubts as to their ability to follow the law on presumption of innocence should be dismissed for cause when subsequent exchanges with the jurors do not dispel a reasonable doubt that such jurors can render an impartial verdict. See Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996). Here, both Reynolds and Hall expressed concern about their ability to move beyond the belief that appellant was guilty simply because he was on trial. Their responses were sufficiently equivocal to indicate reasonable doubt as to whether they could overcome their preconceived opinion of appellant's guilt and presume him innocent. Furthermore, the record does not show that they were sufficiently rehabilitated to serve on the jury. The prosecutor's statement to the court that she "asked all of the jurors if they'd listen to the evidence and base their verdict on the evidence in the case and everybody in this panel indicated that they would do that" is inadequate to overcome the reasonable doubt created by these individual jurors' comments upon their ability to be fair and impartial. Thus, the court erred in denying appellant's challenge for cause as to these prospective jurors.
Finding error in the trial court's denial of appellant's challenges, we now turn to whether this error is reversible. In Trotter v. State, 576 So.2d 691, 693 (Fla.1991), our supreme court explained:
Under Florida law, "[t]o show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted." Pentecost v. State, 545 So.2d 861, 863 n. 1 (Fla.1989). By this we mean the following. Where a defendant seeks reversal based on a claim that he was wrongfully forced to exhaust his peremptory challenges, he initially must identify a specific juror whom he otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted.
The error must then be "called to the trial court's attention once more prior to the swearing of the jury, so that the court will be made aware that the objecting party is insisting on the objection, and so that the court will have a last clear chance to take corrective action if needed." Milstein v. Mut. Sec. Life Ins. Co., 705 So.2d 639, 640 (Fla. 3d DCA 1998)(relying *1154 on Joiner v. State, 618 So.2d 174 (Fla. 1993)).
Here, appellant complied with all of the procedural requirements to properly preserve this issue and demonstrate that the trial court's error was reversible. The state does not contest this fact. Instead, the state claims that because appellant offered no reason for wanting to strike juror Walker, and never attempted to strike juror Walker for cause, he cannot now claim that Walker's placement on the jury panel resulted in a biased panel. We disagree.
We recently addressed this issue in Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000). Relying on Trotter, this court explained that "[n]either Trotter, nor any other authority ... requires an explanation as to why the juror who sat was objectionable. Nor should an explanation be required since a peremptory challenge is, by definition, a challenge that `need not be supported by any reason....'" Id. at 716 (quoting Black's Law Dictionary 223 (7th ed.1999)).
Because Appellant has demonstrated reversible error in the trial court's denial of his challenges for cause, we reverse his conviction and remand for a new trial.
REVERSED and REMANDED.
POLEN, C.J., and STEVENSON, J., concur.