874 So.2d 677 (2004)
William Guy PETERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-837.
District Court of Appeal of Florida, Fourth District.
May 26, 2004.
*678 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Defendant challenges his conviction for one count of battery, one count of trespass, and one count of fleeing or attempting to elude a law enforcement officer. These charges all arose from incidents involving his ex-wife in her home. He argues that the trial court reversibly erred in denying his challenge for cause against a potential juror who said she was still "devastated" by her past experience also involving spousal abuse. We agree and reverse.
During voir dire, a potential juror responded to the state's inquiry that she had experienced abuse in her former marriage. She testified that her former husband had abused her. Although she had been divorced for twenty years, she said "I'm still devastated over what happened." When the prosecutor asked if she could decide the case based solely on the evidence and the law, she said yes.
Defense counsel further questioned this juror about the experience of spousal abuse. She said she was devastated and traumatized by the abuse which had occurred throughout her ten-year marriage. She said that her experiences would play a role in how she decided the case. She also said she would rather sit on another kind of case. The trial judge then asked her whether in spite of her past experiences she could be fair and impartial and decide this case on the law and the evidence. She responded, "I think I could, Yes."
Defendant challenged this juror for cause, arguing that she had expressed continuing devastation resulting from spousal abuse. Stating that he was convinced that the juror could be fair and impartial, the trial judge denied the challenge. Defendant requested an extra peremptory challenge. The trial judge denied his request, and defendant identified another objectionable seated juror. Over defendant's renewed objection, the challenged juror was seated on the jury that returned the guilty verdict.
Defendant has preserved his argument that the trial court reversibly erred in refusing to excuse this juror for cause because her traumatic personal experience with spousal abuse affected her ability to *679 be fair and impartial for our review. See Trotter v. State, 576 So.2d 691, 693 (Fla. 1990); (defendant must show that all peremptory challenges were exhausted and that objectionable juror had to be accepted); Jenkins v. State, 824 So.2d 977, 981 (Fla. 4th DCA 2002) review denied, 842 So.2d 844 (Fla.2003) (necessary to object to seated juror and attempt to use peremptory challenge in order to preserve issue of seating biased juror).
The test for juror competency is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. Ault v. State, 866 So.2d 674, 683 (Fla.2003). The trial court should excuse any juror for cause if any reasonable doubt exists as to whether the juror is impartial. Ault, 866 So.2d at 683 (citing Bryant v. State, 656 So.2d 426, 428 (Fla.1995)). In this district, close cases should be resolved in favor of excusing the juror rather than leaving a doubt about the juror's impartiality. Jaffe v. Applebaum, 830 So.2d 136, 138 (Fla. 4th DCA 2002); Rodas v. State, 821 So.2d 1150, 1153 (Fla. 4th DCA 2002) (same); Bryant v. State, 765 So.2d 68, 71 (Fla. 4th DCA 2000) (same); Henry v. State, 756 So.2d 170, 172 (Fla. 4th DCA 2000) (same); James v. State, 736 So.2d 1260, 1262 (Fla. 4th DCA 1999) (same); Lowe v. State, 718 So.2d 920, 921 (Fla. 4th DCA 1998) (same); Akins v. State, 694 So.2d 847, 848-49 (Fla. 4th DCA 1997) (same); Williams v. State, 638 So.2d 976, 978 (Fla. 4th DCA 1994) (same); Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994) (same); Chapman v. State, 593 So.2d 605, 606 (Fla. 4th DCA 1992) (same); Moore v. State, 525 So.2d 870 (Fla.1988) (same); see also Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922, 923 (Fla. 4th DCA 1988) (same); Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985) (same). While the decision to accept or dismiss a putative juror is considered an exercise in discretion, we view the seating of a juror as to whom there is a reasonable doubt concerning impartiality an abuse of discretion and thus "manifest error". See Ault, 866 So.2d at 684 ("A trial court's determination of juror competency will not be overturned absent manifest error.").
This potential juror expressed that she was still "devastated" by past traumatic experiences of abuse by her own spouse. She also said that she believed that her experience would play a role in how she decided this case. This is the paradigm response casting reasonable doubt on a juror's ability to be fair and impartial. Again, we note that this case involves charges that defendant battered his ex-wife. See Rodriguez v. State, 816 So.2d 805, 807 (Fla. 3d DCA 2002) (juror's comments regarding her prior experiences with abuse "should have sent up a red flag that she had no business sitting on a case in which defendant was charged with an offense involving domestic violence."). We find manifest error in the trial court's refusal to excuse her.
The state contends that the juror was rehabilitated because she told the court she could be fair and impartial. The juror in fact responded to the court's leading question with the words, "I think I could, Yes." Yet, as we have held, a juror's later statement that she can be fair does not erase a doubt as to impartiality when the juror has previously expressed some attitude or personal experience that continues to affect the juror in some way. Rodas, 821 So.2d at 1153; Williams 638 So.2d at 979.
We thus conclude that the record does not support the trial judge's exercise of discretion in this case. The juror's own experience involving the very kind of conduct involved in the trial was still devastating *680 to her some twenty years after the events. At best her record testimony is that she could "try" to be fair. She never even approached testifying that she felt confident that she could be fair. Her qualified response is therefore a legally insufficient indicium of impartiality. See Bell v. State, 870 So.2d 893 (Fla. 4th DCA 2004) (finding juror's remark that he would try not to be biased legally insufficient); Williams, 638 So.2d at 979 (a juror could "even believe he could be `fair and impartial,' but still interpret the evidence based on his own previously expressed deep feelings").
This juror's remarks cast a broad shadow of doubt on defendant's right to a fair and impartial jury. That shadow was not removed by her responses to the later questioning. She should have been excused for cause. We reverse the conviction and remand for a new trial. See Singer v. State, 109 So.2d 7, 23-24 (Fla. 1959).
REVERSED.
FARMER, C.J., GUNTHER and HAZOURI, JJ., concur.