CANADY, J.,
concurring in result.
I agree with the conclusion that Smith’s convictions and sentences should be affirmed, but I disagree with the per curiam opinion’s reasoning on four points.
First, with respect to Smith’s challenge to the expert opinion testimony of Dr. Vega that ligature strangulation is highly associated with sexual battery, I conclude that the merits of Smith’s argument need not be addressed but that the argument should be rejected because it was unpre-served. On the merits, I disagree with the per curiam opinion’s conclusion that the trial court erred in admitting Dr. Vega’s testimony.
Pursuant to sections 90.704-.705, Florida Statutes (2005), Dr. Vega was permitted to testify on direct examination without disclosing the data upon which his opinion was based. See Jackson v. State, 648 So.2d 85, 91 (Fla.1994) (“[T]here is no requirement that the facts or data underlying an expert opinion be admitted into evidence in order to establish the basis of the opinion.”). If Smith wished to challenge Dr. Vega’s testimony and inquire as to the basis supporting his opinion, he could have done so through cross-examination, section 90.705(1), or voir dire examination, section 90.705(2). See also Jackson, 648 So.2d at 91. However, Smith failed to challenge Dr. Vega’s testimony under either procedure. Since sections 90.704-.705 permit expert opinion without disclosure of the facts or data upon which the opinion is based, the trial court could not have abused its discretion in admitting Dr. Vega’s testimony. Furthermore, it is unreasonable to fault the prosecutor for failing to adduce evidence of the basis for Dr. Vega’s expert opinion. The rules of evidence do not place this burden on the prosecutor. See City of Hialeah v. Weatherford, 466 So.2d 1127, 1129 (Fla. 3d DCA 1985) (“Under current law, the burden of challenging the sufficiency of the basis for the opinion rests with the party against whom it is offered.”).
Second, with respect to Smith’s argument regarding juror challenges to jurors 29 and 89, I agree with the per curiam opinion’s conclusion that any error with respect to those jurors was harmless because Smith was granted three additional peremptory challenges. Accordingly, there is no need to address the substantive merits of the challenges to jurors 29 and 89. On the merits, given the legal rules *879 governing juror challenges and the broad discretion afforded trial judges considering juror challenges, I disagree with the per curiam opinion’s conclusion that the trial court erred in determining that jurors 29 and 89 could serve as impartial jurors.
Juror 29 expressed the initial impression that based on news reports he believed that Smith “probably did it.” However, the trial judge twice asked juror 29 whether he could set aside his initial impression of Smith and decide the case based solely on the evidence presented in the courtroom and the instructions on the law that he would receive. In both instances, juror 29 answered affirmatively. Juror 29 explained that his role as a juror in the judicial system was a matter of integrity for him and that “if this is what the law says, then we have to go by what the law says.” Juror 29 never equivocated on his ability to follow the law.
Section 913.03(10), Florida Statutes (2005), provides that a juror may be challenged for cause on the ground that “[t]he juror has a state of mind regarding the defendant,” but goes on to specifically provide that “the formation of an opinion or impression regarding the guilt or innocence of the defendant shall not be a sufficient ground for challenge to a juror if he or she declares and the court determines that he or she can render an impartial verdict according to the evidence.” In this case, juror 29 declared, and the trial court determined, that the juror could render an impartial verdict according to the evidence. It is unwarranted for an appellate court to discredit such a prospective juror’s statements — which the trial court credited— evidencing that the juror could be fair and impartial. The per curiam opinion’s view on this point cannot be reconciled with section 913.03(10).
With regard to juror 89,1 am particularly concerned that the per curiam opinion appears to rely on a categorical rule of exclusion for prospective jurors based on the juror’s relationship with a murder victim in an unrelated case. Juror 89 explained that he had been a witness in a case involving the murder of his daughter but unequivocally stated his commitment to be impartial in Smith’s case. The per curiam opinion concedes that this juror sincerely felt that he could be fair and impartial if he were selected to serve as a juror. Again, it is unwarranted for an appellate court to discredit such a prospective juror’s statements — which the trial judge credited — evidencing that the juror could be fair and impartial. See Brown v. State, 755 So.2d 737 (Fla. 4th DCA 2000) (upholding trial court’s denial of for-cause challenges to jurors whose relatives had been murder victims). This case is unlike cases where jurors were related to victims of violent crimes but did not assure the court of their ability to follow the law. See, e.g., Segura v. State, 921 So.2d 765 (Fla. 3d DCA 2006); Wilkins v. State, 607 So.2d 500 (Fla. 3d DCA 1992); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990).
Finally, with respect to this point, I note that section 913.03 sets forth a list of grounds on which a challenge for cause may be based and provides that such a challenge “may be made only on” one of the specifically enumerated grounds. The statute does not contain a specific ground for challenge based on the prospective juror’s status as a victim (or relative of a victim) of another defendant in an unrelated criminal case. Such a victim (or victim’s relative) may, as a result of the prior experience, have “a state of mind regarding the defendant, the case, [or] the person alleged to have been injured by the offense charged ... that will prevent the juror from acting with impartiality.” § 913.03(10). There is, however, no basis for establishing an irrefutable presumption that such a state of mind exists and that a for-cause challenge must be granted when such a juror credibly avows an ability and *880 intention to act with impartiality. Such a presumption is not consistent with section 913.03.
Third, I disagree with the per curiam opinion’s conclusion that the State failed to establish beyond a reasonable doubt that the murder of Carlie Brucia was cold, calculated, and premeditated. In my view, Smith’s use of a ligature in carrying out the murder is significant evidence of calculation and reflection, which supports the trial court’s finding of the CCP aggravator.
Fourth, I would not reach the merits of the State’s cross-appeal but would instead dismiss the cross-appeal as moot. See, e.g., Deparvine v. State, 995 So.2d 351, 361 n. 4 (Fla.2008) (“The state raises two cross-appeal issues, which we will not address because Deparvine’s convictions and sentences are affirmed.”); Hoskins v. State, 965 So.2d 1, 7 (Fla.2007) (“Because we affirm, we do not address the State’s cross-appeal.”); Buzia v. State, 926 So.2d 1203, 1208 n. 2 (Fla.2006) (“State cross-appealed and raised two issues. However, because we affirm all of the trial court’s findings, the State’s cross-appeal is rendered moot.”).
POLSTON, J., concurs.