HÁZOURI, J.
Ricardo Ranglin was charged with the aggravated battery of his former girlfriend, Kennisha Potts. Following a jury trial he was convicted of the lesser included offense of battery. Ranglin appeals his conviction and asserts three points on appeal, the first of which is that the trial court erred in denying his motion to strike a juror for cause requiring a new trial. Because we agree the trial court erred in denying the motion to strike the juror for cause, we do not address the remaining two points on appeal.
Ranglin and Potts were involved in an intimate relationship from July 2007 to November 2007. Following the termination of their relationship, he kept in touch and would speak with her approximately twice a month. On June 28, 2008, which happened to be Potts’s birthday, Ranglin picked her up from her place of employment and drove her to his home. At some point during the evening an altercation occurred between Ranglin and Potts with each testifying to different versions of what happened. Potts’s version is that Ranglin wanted her to engage in sex, which she resisted, resulting in Potts sustaining a fractured left eyebrow, left cheek, and left side of her nose.
Ranglin’s version was that Potts became upset with him because he failed to buy her a birthday present. Ranglin claimed she attacked him, he defended himself, and *746 this accounted for the injuries that she sustained.
At trial, Ranglin asserted a claim of self-defense. He claimed he had not started the altercation, but simply defended himself, resulting in Potts’s injuries.
During voir dire, after discussing self-defense, prospective Juror Kenneally indicated there were no circumstances under which it was appropriate for a man to strike a woman. The following colloquy occurred:
DEFENSE COUNSEL: Okay. Now, I am going to ask this question for Ms. Kenneally.
Is it ever appropriate if — for a man to strike a woman?
MS. KENNEALLY: No.
DEFENSE COUNSEL: Under any circumstances?
MS. KENNEALLY: No.
[[Image here]]
DEFENSE COUNSEL: Or — I don’t want to put words in your mouth, tell me why it’s under no circumstances ever appropriate for a man to strike a woman.
MS. KENNEALLY: I believe it tends to escalate, and instead of resolving the problem it gets worse.
[[Image here]]
DEFENSE COUNSEL: Okay. Ms. Kenneally, my question to you was, are there any circumstances that you can think of where it would be okay for a man to strike a woman. And your answer was?
MS. KENNEALLY: No, I don’t believe that is appropriate. I believe that it escalates the problem instead of resolves it.
At the conclusion of jury selection, counsel for Ranglin moved to strike Juror Ken-neally for cause, which the trial court denied. Ranglin exercised a peremptory challenge to excuse Juror Kenneally. Thereafter, Ranglin had exhausted his peremptory challenges and moved for an additional peremptory, which the trial court also denied. When the jury was sworn Ranglin refused to accept the jury panel as constituted, thereby preserving the issue for appeal.
The standard of review of a trial court’s ruling on a cause challenge is one of abuse of discretion. See Singleton v. State, 783 So.2d 970, 973 (Fla.2001). While the initial determination of a juror’s competence for cause rests with the trial court’s discretion, this discretion is not limitless. See Singer v. State, 109 So.2d 7, 22-24 (Fla.1959). Abuse of discretion occurs when the record reveals a reason to doubt impartiality. Montozzi v. State, 633 So.2d 563, 565 (Fla. 4th DCA 1994). “Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.” Bryant v. State, 765 So.2d 68, 71 (Fla. 4th DCA 2000) (citation omitted).
In the instant case, Juror Kenneally agreed that under no circumstances would it be appropriate for a man to strike a woman. Thus, Juror Kenneally’s responses created a reasonable doubt as to whether she could fairly consider Ranglin’s self-defense claim. Accordingly, the trial court erred in denying the motion to strike Juror Kenneally for cause.
 Having determined that the trial court erred in denying Ranglin’s challenge to Juror Kenneally for cause, we must now determine whether the error requires a new trial. See Busby v. State, 894 So.2d 88, 96 (Fla.2004). “In the State of Florida, expenditure of a peremptory challenge to cure the trial court’s improper denial of a cause challenge constitutes reversible error if a defendant exhausts all remaining *747 peremptory challenges and can show that an objectionable juror has served on the jury.” Id. at 96-97 (citing Trotter v. State, 576 So.2d 691 (Fla.1991)). When the trial court denied Ranglin’s challenge for cause, he exercised one of his peremptories to remove Juror Kenneally. Ranglin then requested additional peremptories, stating “I’m going to ask for an additional peremptory, the peremptory that I used on Marlene Kenneally, one-four, which was being denied for cause challenge. And I would ask for that additional peremptory to strike juror three-three, Martin Hen-dler.” The trial court denied this request.
“The juror who served need not have been ‘legally objectionable’ — that is, excusable for cause.” Carratelli v. State, 961 So.2d 312, 319 (Fla.2007) (citing Busby, 894 So.2d at 96-97). A defendant need only show “the same type of harm [peremptory] challenges are intended to cure-the seating of a juror whom the defendant suspects, but cannot prove, is biased.” Id. (citation omitted). In the instant case, the denial of the strike for cause forced Rang-lin to exhaust his peremptory challenges, precluding him from expending challenges on other identified jurors. See Bell v. Greissman, 902 So.2d 846, 848 (Fla. 4th DCA 2005). As this constitutes reversible error, we reverse and remand for a new trial.

Reversed and Remanded for a New Trial.

POLEN and CIKLIN, JJ., concur.