DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYQUAN BURGESS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3274

[May 9, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack S. Cox, Judge; L.T. Case No. 50-2015-CF-011136-AXXX-MB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Rayquan Burgess appeals his conviction and sentence for one count of possession of a firearm by a convicted felon. Although Appellant raises several issues on appeal, we find merit in only one of his arguments, namely that the trial court erroneously denied two of his cause challenges during jury selection.

During voir dire, defense counsel told the prospective jurors that Appellant was a convicted felon and asked whether they would still be able to deliberate without knowing more about the felony conviction. The following colloquy ensued with prospective juror 1.7:

[1.7]: I know it has nothing to do with it. I know it's irrelevant to the case but my gut curiosity. . . . It doesn't affect the case. I understand.

[DEFENSE COUNSEL]: You want to know, right, but if you didn't know do you think you would still be able to deliberate and make

a decision?

[1.7]: Yes. I think the problem for me in my honest opinion if he's been convicted of a felony already and then where there's smoke there's fire. It's almost like I know we have to prove that he is guilty beyond a reasonable doubt. But just that notion that something has already happened in the past, which I don't like that but that's just what –

. . .

[DEFENSE COUNSEL]: I'm going to reduce what you said down to something. Let me know if this is accurate, okay. I don't want to put words in your mouth. It sounds to me what you're saying is if we have a trial with someone who's never had any criminal exposure to the system – this whole presumption of innocence thing I would be able to do it 100 percent. But when I find out that someone has a felony conviction it makes it more difficult for me to presume them 100 [percent] innocent at the start of trial?

[1.7]: Yes, it would make it more difficult than – right.

Towards the end of voir dire, defense counsel asked the prospective jurors whether Appellant's prior felony conviction would weigh into their deliberation when assessing whether the State had met its burden of proof. Prospective juror 1.7 answered that it would "probably affect [his] decision." Defense counsel thereafter attempted to clarify prospective juror 1.7's response by asking "[y]ou think it would affect your decision? You know it's not supposed to, but it might?" Prospective juror 1.7 responded "[y]es." Prospective juror 1.2, in turn, responded similarly:

[1.2]: [It shows] bad judgment prior to accept that first felony. I mean bad judgment, it's in the back of my head.

[DEFENSE COUNSEL]: Do you think that it's going to be something that's going to weigh into your deliberation when a[ss]essing whether or not the State's met its burden? . . .

[1.2]: Yes.

[DEFENSE COUNSEL]: You think it might?

[1.2]: Yes, ma'am.

Based on the foregoing, defense counsel moved to strike prospective jurors 1.7 and 1.2 for cause. After the trial court denied those motions, defense counsel exercised two peremptory challenges to excuse those two jurors. Later, defense counsel requested two additional peremptories to strike two remaining objectionable jurors. The court, however, only granted defense counsel one additional peremptory. This appeal follows.

"The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." *Lusk v. State*, 446 So. 2d 1038, 1041 (Fla. 1984). "While the initial determination of a juror's competence for cause rests with the trial court's discretion, this discretion is not limitless." *Ranglin v. State*, 55 So. 3d 744, 746 (Fla. 4th DCA 2011). "Abuse of discretion occurs when the record reveals a reason to doubt impartiality." *Id.*

In the instant case, although prospective juror 1.7 initially indicated that Appellant's prior felony conviction was irrelevant, he nonetheless clearly stated that the felony conviction would make it more difficult for him to presume Appellant innocent and would weigh into his deliberations. Prospective juror 1.7 even stated "where there's smoke there's fire" when referring to the prior felony conviction. These comments clearly reflect that prospective juror 1.7 did not have the "state of mind which w[ould] enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial." *Carratelli v. State*, 961 So. 2d 312, 318 (Fla. 2007) (alteration in original) (quoting *Singer v. State*, 109 So. 2d 7, 23–24 (Fla. 1959)).

Likewise, prospective juror 1.2's comment that the prior felony conviction reflected bad judgment on Appellant's part and that he would keep that felony conviction in the back of his mind when deliberating created a reasonable doubt as to whether he could render a fair and impartial verdict. *See Carratelli*, 961 So. 2d at 318. This doubt, in turn, should have been resolved in favor of granting Appellant's cause challenge. *See Bryant v. State*, 765 So. 2d 68, 71 (Fla. 4th DCA 2000) (holding that "[c]lose cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality" (quoting *Chapman v. State*, 593 So. 2d 605, 606 (Fla. 4th DCA 1992))).

Having determined that the court erroneously denied Appellant's cause challenges as to two prospective jurors, we must now determine whether the erroneous rulings require a new trial. It is well established that the "expenditure of a peremptory challenge to cure the trial court's improper denial of a cause challenge constitutes reversible error if a defendant

3

exhausts all remaining peremptory challenges and can show that an objectionable juror has served on the jury." *Busby v. State,* 894 So. 2d 88, 96–97 (Fla. 2004). "This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted." *Id.* at 97 (quoting *Trotter v. State,* 576 So. 2d 691, 693 (Fla. 1991)). "A defendant cannot demonstrate prejudice if the trial court grants the same number of additional peremptories as cause challenges that were erroneously denied." *Id.*

Here, after the trial court denied Appellant's cause challenges as to prospective jurors 1.7 and 1.2, Appellant exercised two peremptories to remove those jurors. After exhausting all remaining peremptories, Appellant then identified two objectionable jurors and requested two additional peremptories. The trial court, however, only granted Appellant one additional peremptory despite having erroneously denied two cause challenges. Consequently, an objectionable juror ended up serving on the jury. As this constitutes reversible error, we reverse and remand for a new trial.

*Reversed and remanded for a new trial.*

GERBER, C.J., and KLINGENSMITH, J., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4